Randy Lipsitz, Esq. (RL-1526)
Richard L. Moss, Esq. (RLM-7948)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDÉ NAST PUBLICATIONS,

                 Plaintiff,

                 v.

ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC,

                 Defendants.
------------------------------------------------------------ x

CIVIL ACTION NO.: 05-CV-7516

JURY TRIAL DEMANDED

**COMPLAINT FOR DECLARATORY JUDGMENT
AND BREACH OF CONTRACT**

Plaintiff Advance Magazine Publishers Inc. d/b/a The Condé Nast Publications, for its complaint against defendants Activ8now, LLC and Active8media, LLC, alleges as follows:

KL3:2460397.2

## THE PARTIES

1.     Plaintiff Advance Magazine Publishers Inc. d/b/a The Condé Nast Publications ("Condé Nast") is a corporation of the State of New York, having a principal place of business at 4 Times Square, New York, New York 10036.

2.     Upon information and belief, defendants Activ8now, LLC ("Activ8now") and Active8media, LLC ("Active8media," Activ8now and Active8media being collectively referred to as "Active8") are Delaware limited liability companies having a place of business at 10 Glen Lake Parkway, Suite 900, Atlanta, Georgia 30328. Upon further information and belief, defendants transact business in the State of New York and in this judicial district, have transacted business in the State of New York and in this judicial district with plaintiff Condé Nast which gives rise to the counts set forth herein, and have committed acts within and without the State of New York and this judicial district causing injury to plaintiff Condé Nast in this judicial district.

## JURISDICTION AND VENUE

3.     The jurisdiction of this Court is based on 28 U.S.C. §§ 1331, 1332, 1338 and 1367; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c), as well as based on defendant Active8media's written agreement that any action concerning the causes of action asserted herein shall be subject to the exclusive jurisdiction of the state and federal courts located in New York City.

## BACKGROUND

5.  Plaintiff Condé Nast is the publisher of many well-known magazine titles, including among others: Vogue, Glamour, GQ, Cargo, Lucky, Self, Vanity Fair, Allure, House & Garden, Architectural Digest, Bon Appétit, Gourmet, Condé Nast Traveler, Wired and The New Yorker. These magazines are distributed and sold throughout the United States, including within this judicial district, and, in many cases, worldwide.

6.  Each Condé Nast magazine title mentioned above has its own website, generally found on the Internet through a domain name address (or URL) containing the magazine title (or a variation thereof) usually in the ".com" top level domain. For example, the website for House & Garden magazine can be found at <www.houseandgarden.com> and the website for Lucky magazine can be found at <www.luckymag.com>. In some cases, a magazine title may have several different website addresses.

7.  The Active8 defendants are in the business of converting magazine pages, such as advertisements, into interactive electronic web pages, and placing them on websites hosted by defendants.

8.  In or about the Spring of 2004, Condé Nast, through its magazine title and d/b/a Vogue Magazine, commenced discussions and negotiations with defendant Active8media for the purpose of engaging Active8media to develop interactive versions of selected advertisements to appear in the September 2004 issue of Vogue magazine and to host those interactive versions on a website. On June 17, 2004, plaintiff Condé Nast (through its d/b/a

KL3:2460397.2

Vogue Magazine) and defendant Active8media entered into a Publisher Agreement (the "Vogue Agreement") for the September 2004 issue of Vogue magazine.

9. The Vogue Agreement contains an express confidentiality provision which, by its terms, among other things, restricts disclosure of any information concerning the terms of the Agreement. One purpose of this provision is to protect from disclosure the confidential business requirements of and pricing structure provided to Condé Nast, which are explicitly set forth in the Vogue Agreement.

10. The Vogue Agreement also contains (i) a choice of law provision which provides that New York law is to govern the Vogue Agreement, and (ii) a forum selection provision which provides that "[a]ny dispute arising hereunder or related to any matter which is the subject of this Agreement, shall be subject to the exclusive jurisdiction of the state and/or federal courts located in New York, NY." A redacted copy of the Vogue Agreement, showing only the introductory paragraphs, the choice of law and forum selection provisions, and the signatures of the parties is attached hereto as Exhibit 1.

11. Following publication and distribution of the September 2004 issue of Vogue magazine by Condé Nast and the introduction of the related website then found at <www.shopseptembervogue.com> (which website is no longer active), plaintiff Condé Nast and defendant Active8media commenced discussions for the March 2005 issue of Vogue magazine. Negotiations between the parties eventually broke down. Condé Nast engaged another vendor, RichFX, Inc. of New York City, to prepare and host a website for the March 2005 issue of Vogue magazine.

12. In addition, Condé Nast, through its d/b/a magazine title House and Garden Magazine, entered into another Publisher Agreement with Active8media dated March 31, 2005 ("H&G Agreement") for the June 2005 issue of House & Garden magazine. The H&G Agreement contains the same New York choice of law and New York City forum selection provisions as the Vogue Agreement.

13. Without notice or warning, on June 10, 2005, the Active8 defendants commenced a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division under Civil Action No. 1:05-CV-1529-RLV against plaintiff Condé Nast as well as "Advance Publications, Inc." (asserted by Active8 to be the parent company of plaintiff Condé Nast), and RichFX, Inc. (the "Georgia Action"). The Active8 defendants provide no basis or justification in the Georgia Action for including "Advance Publications, Inc." as a party in that action.

14. The Complaint in the Georgia Action makes explicit reference to the Vogue Agreement in its background recitations, and purports to attach a copy of the full Vogue Agreement to the publicly filed Complaint as Exhibit C thereto. However, the Complaint as filed and as served on the named defendants in the Georgia Action did not contain a copy of the Vogue Agreement. A copy of the Complaint from the Georgia Action (without exhibits) is attached hereto as Exhibit 2.

15. In the Complaint in the Georgia Action, both defendants in the present action (as though they were one and the same Active8 entity) jointly assert causes of action against all three named defendants therein (as though they were one and the same entity) for (i) patent infringement of two U.S. patents, (ii) unfair competition under Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a), and (iii) misappropriation of trade secrets under both New York and Georgia law. The Complaint in the Georgia Action asserts that the unfair competition and trade secret misappropriation counts arise from information provided by Active8media to Condé Nast under the Vogue Agreement.

16. Again without warning or notice, on July 28, 2005, the Active8 defendants in the present action, acting as plaintiffs in the Georgia Action, filed in the public record and served a Notice of Correction to the Exhibits to Plaintiffs' Complaint. A full, unredacted copy of the Vogue Agreement was attached to the Notice, thus breaching the confidentiality provision set out in the Vogue Agreement and publicly revealing plaintiff's confidential business requirements and other proprietary information regarding plaintiff's business operations and plans.

17. Plaintiff Condé Nast's response or answer to the Complaint in the Georgia Action is due to be filed by August 26, 2005.

18. An actual case and controversy exists between plaintiff Condé Nast and the Active8 defendants by virtue of having improperly filed the Georgia Action in violation of the forum selection provision in the Vogue Agreement, and having filed the full Vogue Agreement as an Exhibit pursuant to the Notice in the Georgia Action.

### AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

20. By virtue of defendants' false assertions that plaintiff has unfairly competed with defendants under 15 U.S.C. § 1125(a) by improperly using materials provided by

defendants to plaintiff under the Vogue Agreement, plaintiff Condé Nast is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that it has not competed unfairly with, falsely designated origin, or otherwise violated any related rights of defendants.

### AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 as though fully set forth herein.

22. By virtue of defendants' false assertions that plaintiff has misappropriated trade secrets of defendants by improperly using materials provided by defendants to plaintiff under the Vogue Agreement, plaintiff Condé Nast is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that it has not misappropriated any trade secrets of defendants, or otherwise violated any related rights of defendants.

### AS AND FOR A THIRD CAUSE OF ACTION

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 as though fully set forth herein.

24. By virtue of defendants' false assertions that plaintiff has unfairly competed with and misappropriated trade secrets of defendants by improperly using materials provided by defendants to plaintiff under the Vogue Agreement, plaintiff Condé Nast is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that it has not breached the Vogue Agreement or any other agreement with defendants, or otherwise violated any related rights of defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 as though fully set forth herein.

26. By virtue of the filing of the Georgia Action by defendants against plaintiff Condé Nast, defendant Active8media has breached the Vogue Agreement, which requires that causes of action arising thereunder be brought exclusively in the state and/or federal courts located in New York, NY. Upon information and belief defendant Activ8now conspired with defendant Active8media to cause such breach of the Vogue Agreement.

## AS AND FOR A FIFTH CAUSE OF ACTION

27. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 as though fully set forth herein.

28. Defendant Active8media breached the Vogue Agreement when it filed a full, unredacted copy of the Vogue Agreement on the public record in the Georgia Action and served it on defendants in that action, thus breaching the confidentiality provision in the Vogue Agreement and publicly revealing plaintiff's confidential business requirements and other proprietary information regarding plaintiff's business operations and plans. Upon information and belief, defendant Activ8now conspired with defendant Active8media to cause such breach of the Vogue Agreement.

KL3:2460397.2

WHEREFORE, plaintiff Condé Nast prays for the following relief:

A. A declaration that Condé Nast has not violated Section 43(a) of the Lanham Act 15 U.S.C. §1125(a) as asserted by defendants, or violated any related rights of defendants;

B. A declaration that Condé Nast has not misappropriated any trade secrets or confidential information of defendants, or violated any related rights of defendants;

C. A declaration that Condé Nast has not breached the Vogue Agreement, or violated any related rights of defendants;

D. A declaration that defendants improperly filed the Georgia Action against plaintiff thereby causing defendant Active8media to breach the Vogue Agreement, and that defendant Activ8now conspired with defendant Active8media to cause a breach of the Vogue Agreement;

E. A finding that defendant Active8media breached the Vogue Agreement with Condé Nast, and that defendant Activ8now conspired with defendant Active8media to cause a breach of the Vogue Agreement;

F. An injunction enjoining defendants from proceeding with the unfair competition and trade secret misappropriation counts and any related counts in the Georgia Action;

G. An award of damages to plaintiff for defendants' breach of contract conspiracy and other wrongdoing;

KL3:2460397.2

H. That plaintiff be awarded such other damages and punitive damages as to which the Court deems appropriate under the circumstances; and,

I. That plaintiff have such other and further relief as may to the Court seem just and proper under the circumstances, including without limitation an award of attorney fees, costs and disbursements incurred by plaintiff Condé Nast in defending the Georgia Action and in protecting its rights in the present action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of this action.

Dated: August 25, 2005
New York, New York

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Attorneys for Plaintiff
  Advance Magazine Publishers Inc.
  d/b/a The Condé Nast Publications
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000

By: *Randy Lipsitz*
Randy Lipsitz, Esq. (RL-1526)
Richard L. Moss, Esq. (RLM-7948)

OF COUNSEL:

Jerry S. Birenz, Esq.
Michael J. Anderson, Esq.
SABIN, BERMANT & GOULD LLP
4 Times Square, 23rd Floor
New York, NY 10036-6526
Tel.: (212) 381-7000