IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
J.S.D.C.-Atlanta

JUN 1 0 2005

LUTHER D. THOMAS, Clerk
By: /s/
       Deputy Clerk

| | |
|---|---|
| ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC )<br><br>Plaintiff, )<br><br>v. )<br><br>ADVANCE PUBLICATIONS, INC., )<br>ADVANCE MAGAZINE PUBLISHERS )<br>INC. d/b/a THE CONDÉ NAST )<br>PUBLICATIONS, RICHFX, INC., )<br>JOHN DOES 1-4, ABC COMPANY )<br>and XYZ COMPANY )<br><br>Defendants. ) | Civil Action No.<br><br>1 05 CV 1529<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiffs Activ8now, LLC ("Activ8now") and Active8media, LLC ("Active8media"), and for their Complaint against Defendants Advance Publications Inc. and Advance Magazine Publishers, Inc. d/b/a The Condé Nast Publications (collectively "Advance Publications"), RichFX, Inc. ("RichFX"), John Does 1-4, ABC Company and XYZ Company, hereby allege and aver as follows:

## PARTIES

1. Plaintiff Activ8now is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 10 Glen Lake Parkway, Suite 900, Atlanta, Georgia, 30328.

2. Plaintiff Active8media is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 10 Glen Lake Parkway, Suite 900, Atlanta, Georgia, 30328.

3. Upon information and belief, Defendant Advance Publications, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 950 Fingerboard Road, Staten Island, New York 10305. Upon further information and belief, Defendant Advance Publications, Inc. transacts business within the state of Georgia, has committed tortious acts within this judicial district and is subject to the personal jurisdiction of the Court.

4. Upon information and belief, Defendant Advance Magazine Publishers, Inc. is a Delaware corporation and a wholly owned subsidiary of Advance Publications, Inc. Defendant Advance Magazine Publishers, Inc.'s principal place of business is located at Four Times Square, New York, New York 10036. It may be served with process through its registered agent, C.T. Corporation, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361. Upon further information and belief, Defendant Advance

Magazine Publishers, Inc. transacts business within the state of Georgia, is registered to do business in the State of Georgia, has committed tortious acts within this judicial district and is subject to the personal jurisdiction of the Court.

5. Upon information and belief, Defendant RichFX is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1450 Broadway, 18th Floor, New York, New York 10018 and may be served with process by service upon its registered agent, CT Corporation System, 111 Eighth Avenue, New York New York 10011. Upon further information and belief, Defendant RichFX transacts business within the state of Georgia, has committed tortious acts within this judicial district and is subject to the personal jurisdiction of the Court.

6. Upon information and belief, Defendants John Does 1-4 are subject to the jurisdiction of this Court. The identity, description and/or addresses of these particular various John Does is not presently known and the Complaint herein will be amended to include the names and/or descriptions of said individuals when and if identified.

7. Upon information and belief, Defendants ABC Company and XYZ Company, through their agents, servants and employees are subject to the jurisdiction of this Court. The identity and address of ABC Company and XYZ

Company are not presently known and the Complaint herein will be amended to include the names of the actual companies when and if identified.

## JURISDICTION

8. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, 35 U.S.C. § 271 *et seq.*, for Defendants' unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for Defendants' misappropriation of trade secrets in violation of New York State's common law and the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 *et al.*

9. This Court has jurisdiction over the subject matter of the within and foregoing action pursuant to the provisions of 28 U.S.C. §§1331, 1338 and 1367.

## VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## BACKGROUND

11. On March 18, 2003, United States Patent No. 6,535,889 ("the '889 Patent") for "System and Method for Obtaining and Displaying an Interactive Electronic Representation of a Conventional Static Media Object" was duly and legally issued. A copy of the '889 Patent is attached as Exhibit A.

12.  On April 29, 2003, United States Patent No. 6,557,006 ("the '006 Patent") for "System and Method for Displaying an Interactive Electronic Representation of a Corresponding Static Media Object" was duly and legally issued. A copy of the '006 Patent is attached as Exhibit B.

13.  Activ8now is the owner by assignment of all right, title and interest in and to the '889 Patent and the '006 Patent, including all right to recover for any and all past infringement thereof.

14.  In June 2004, Advance Publications through its subsidiary Advance Magazine Publishers, Inc. d/b/a Condé Nast d/b/a Vogue contracted with Activ8now's operating company, Active8media, to license Activ8now's patented technology for the September 2004 issue of Vogue Magazine. A true and correct copy of the Agreement is attached as Exhibit C.

15.  In addition to licensing its patented technology to Advance Publications for the September 2004 issue of Vogue magazine, Active8media also provided Advance Publications with confidential, trade secret and/or proprietary information for which Active8media has expended substantial resources in developing and maintaining.

16.  In August 2004, Advance Publications published the highly successful September 2004 issue of Vogue magazine. Using the Activ8now technology,

5

LIT\904548.5

readers of Vogue magazine were able to shop directly off the pages of Vogue magazine in conjunction with the "shopvogue.com" website.

17. Following expiration of the agreement for the September 2004 issue of Vogue, Advance Publications broke off license discussions for the March 2005 issue of Vogue magazine, and instead, engaged RichFX to copy Activ8now's patented technology for the recently released March 2005 issue of Vogue and for the May 2005 issue of Condé Nast Traveler.

18. Upon information and belief, Advance Publications has also misrepresented the source of Plaintiffs' good and services and has provided RichFX with Active8media's confidential, trade secret and/or proprietary information without the express or implied consent of Active8media.

## COUNT I
## PATENT INFRINGEMENT

19. Plaintiffs Activ8now and Active8media incorporate and reallege the averments of Paragraphs 1 through 20 as if stated verbatim herein.

20. Upon information and belief, Defendants, without permission or license, are making, using, offering for sale and/or selling technology that unlawfully incorporates or utilizes the inventions described or claimed in the '889 Patent and the '006 Patent.

LIT\904548.5

21. By making, using, offering for sale and/or selling such technology, Defendants are directly infringing the '889 Patent and the '006 Patent in violation of 35 U.S.C. § 271(a).

22. By making, using, offering for sale and/or selling such technology, Defendants are actively inducing others to infringe the '889 Patent and the '006 Patent in violation of 35 U.S.C. § 271(b).

23. Upon information and belief, Defendant RichFX has made, used, and sold software with the knowledge that it was especially made or especially adapted to infringe the '889 Patent and the '006 Patent, and the software is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendant RichFX is also therefore liable as a contributory infringer under 35 U.S.C. § 271(c).

24. Defendants' infringement of the '889 Patent and the '006 Patent has been willful and deliberate.

25. Upon information and belief, Defendants will not cease such tortious acts unless enjoined by this Court. Defendants' acts of direct infringement, inducement of infringement and contributory infringement have and will continue to damage Plaintiffs. Plaintiffs have no adequate remedy at law.

## COUNT II
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

26. Plaintiffs Activ8now and Active8media incorporate and reallege the averments of Paragraphs 1 through 27 as if stated verbatim herein.

27. By using materials produced by Active8media to promote the March 2005 issue of Vogue magazine, Defendants have designated falsely that Plaintiff's goods and services originate from Defendants, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. The aforesaid acts of Defendants are greatly and irreparably damaging to Plaintiffs and will continue to be greatly and irreparably damaging to Plaintiffs unless enjoined by this Court, as a result of which Plaintiffs is without an adequate remedy at law.

## COUNT III
## MISAPPROPRIATION OF TRADE SECRETS

29. Plaintiffs Activ8now and Active8media incorporate and reallege the averments of Paragraphs 1 through 30 as if stated verbatim herein.

30. Active8media's confidential, trade secret and/or proprietary information derives economic value from not being generally known to and not being readily ascertainable by proper means by other persons who could obtain economic value from its disclosure or use.

LIT\904548.5

31. Active8media's confidential, trade secret and/or proprietary information is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

32. When Defendants acquired knowledge of Active8media's confidential, trade secret and/or proprietary information, Defendants knew or had reason to know that such knowledge was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

33. Upon information and belief, Defendants have misappropriated, disclosed, and/or used Active8media's confidential, trade secret and/or proprietary information without the express or implied consent of Active8media.

34. Based on the foregoing, such acts by Defendants are in violation of New York State's common law and the Georgia Trade Secrets Act, O.C.G.A. § 10-1-762.

35. Defendants' misappropriation and threatened misappropriation of Active8media's confidential, trade secret and/or proprietary information has been and continues to be willful and malicious.

36. Active8media has been and will be damaged by Defendants' misappropriation and threatened misappropriation of Active8media's confidential, trade secret and/or proprietary information.

LIT\904548.5

## JURY DEMAND

37. Plaintiffs Activ8now and Active8media respectfully demand a jury for the hearing of the causes of action as set forth in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. That the Defendants be ordered to account to Plaintiffs for the actual damages suffered by Plaintiffs, and in no event less than a reasonable royalty, as a result of Defendants' acts of patent infringement as set forth in this Complaint, the exact extent of which cannot now be determined by Plaintiffs.

2. That Plaintiffs be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, representatives, employees, attorneys, successors, assigns, and all persons acting in concert or participation with them from any further acts of patent infringement.

3. That Defendants their officers, agents, servants, representatives, employees, attorneys, successors, assigns, and all persons acting in concert or participation with them, be permanently enjoined from representing that Plaintiff's goods and services originate from Defendants;

LIT\904548.5

4. That Defendants, their officers, agents, servants, representatives, employees, attorneys, successors, assigns, and all persons acting in concert or participation with them, be permanently enjoined and restrained from disclosing, divulging or publishing to others or using in any manner any confidential, trade secret and/or proprietary information, of or transferred to them by Active8media;

5. That Plaintiffs receive from Defendants all damages suffered by them as a result of Defendants' misconduct in an amount to be established at trial;

6. That Plaintiffs be granted their pre-judgment and post-judgment interest on the damages caused to them by reason of Defendants' acts of patent infringement.

7. That Plaintiffs be awarded reasonable attorney fees for having to bring this action to preserve their rights in the '889 Patent and the '006 Patent and enjoin Defendants' willful infringement of the '889 Patent and the '006 Patent.

8. That Plaintiffs be awarded their costs associated with bringing this action to preserve their rights in the '889 Patent and the '006 Patent.

9. That Defendants be ordered to pay to Plaintiffs three times the damages suffered by reason of the willful, intentional, and flagrant

11

infringement of the '889 Patent and the '006 Patent as set forth in this Complaint.

10. That Plaintiffs be granted all such other and further relief as this Court may deem just and proper under the circumstances.

This 10th day of June, 2005.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

*Dale Lischer*
Dale Lischer
Georgia Bar No. 452027
Deborah A. Heineman
Georgia Bar No. 023849

Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
(404) 815-3500

LIT\904548.5