Paul R. Niehaus, Esq. (PN-3994)
NIEHAUS LLP
220 East 54th Street, 3K
New York, New York 10022
(917) 882-7178

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
                                         :
ADVANCE MAGAZINE PUBLISHERS INC.         :   Civil Action No.:
d/b/a THE CONDÉ NAST PUBLICATIONS,       :   1:05-cv-07516 (KMK)(DFE)
                                         :
                                         :   ELECTRONICALLY FILED
            Plaintiff,                   :
                                         :
      v.                                 :
                                         :
ACTIV8NOW, LLC AND ACTIVE8MEDIA, LLC     :
                                         :
            Defendants.                  :
_____x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS**
**ACTIV8NOW, LLC AND ACTIVE8MEDIA, LLC'S MOTION**
**TO DISMISS AND/OR MOTION TO STAY ACTION**

September 19, 2005

LIT\920875.2

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 3 |
| II. | STATEMENT OF RELEVANT FACTS | | 4 |
| III. | ARGUMENT AND CITATION OF AUTHORITIES | | 7 |
| | A. | This Court Lacks Personal Jurisdiction Over Defendant Activ8now | 7 |
| | B. | This Complaint Represents an Improper Use of the Declaratory Judgment Act | 7 |
| | | 1. Counts I, II, and III should be dismissed in their entirety for lack of actual controversy | 7 |
| | | 2. Condé Nast has not alleged the adverse interest required for declaratory relief on Count III of the Complaint | 10 |
| | | 3. Condé Nast's declaratory judgment claims warrant dismissal under the discretion provided by the Declaratory Judgment Act | 11 |
| | C. | Counts IV and V Also Fail to State a Claim Upon Which Relief Can Be Granted As There Is No Basis Under New York Law for Plaintiff's Claims for Conspiracy to Breach the Contract | 12 |
| | D. | Plaintiff Fails to Satisfy the Jurisdictional Requirements for Its Remaining Breach of Contract Claims | 13 |
| | E. | Motion to Stay the Proceedings in the Alternative | 16 |
| IV. | CONCLUSION | | 17 |

COME NOW Activ8now, LLC ("Activ8now") and Activ8media, LLC ("Active8media"), Defendants in the above-styled action, and, without submitting to the jurisdiction of this Court, submit this Memorandum in support of their Motion to Dismiss Plaintiff's Complaint, stating as follows:

## I.   INTRODUCTION

Plaintiff Advance Magazine Publishers Inc. d/b/a The Condé Nast Publications ("Condé Nast") improperly attempts to invoke this Court's jurisdiction under the Declaratory Judgment Act by seeking a declaration that it did not unfairly compete with Defendants Activ8now and Active8media, that it did not misappropriate Defendants' trade secrets, and that it has not breached the "Vogue Agreement." These counts should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Counts I, II and III fail to satisfy the governing jurisdictional test for declaratory judgment which requires present activity by Condé Nast which would constitute unfair competition or trade secret misappropriation or concrete steps taken with the intent to conduct such activity in the future. Additionally, Count III also fails to satisfy the "actual controversy" requirement of the declaratory judgment act. The governing jurisdictional test first requires Condé Nast to prove that declaratory relief will serve to clarify and settle existing legal relations between the parties. Defendants have not threatened or filed suit for breach of contract. Accordingly, there is no actual controversy so as to vest this Court with jurisdiction over Defendants' claims.

Plaintiff has also moved for breach of contract and conspiracy to breach the contract. Plaintiff's claims for conspiracy to breach the contract fail to state a claim for relief and as such should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's remaining

3

claims for breach of contract fail to satisfy the amount in controversy requirement of the federal jurisdiction statute and should therefore be dismissed for lack of subject matter jurisdiction.

In the present case, as is set forth in the Complaint, the Publisher Agreement at issue was entered into by Active8media and Condé Nast d/b/a/ Vogue.  As a non-party to the agreement, Activ8now, a Delaware corporation based in the Northern District of Georgia, did not agree to be subject to jurisdiction in New York.  Moreover, Condé Nast's Complaint does not provide any factual basis to support the exercise of general personal jurisdiction over Activ8now.  Thus, all claims against Activ8now should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(2).

In the alternative, if the Court should determine that jurisdiction over this action and these defendants exists, then Condé Nast's Complaint should be stayed pending resolution of the action first filed by Defendants in the United States District Court for the Northern District of Georgia, styled <u>Activ8now, LLC v. Active8media, LLC v. Advance Publications, Inc., Advance Magazine Publishers Inc. d/b/a Condé Nast Publications, RichFX, Inc., John Does 1-4, ABC Company and XYZ Company</u>, N.D. GA. Case No. 1:05-cv-1529, on  June 10, 2005 (the "Georgia action").  Defendants in the Georgia action have moved to dismiss or in the alternative to transfer the case to the Southern District of New York.  Because many issues are substantially the same, because the facts underlying both suits are substantially identical, and because Activ8now's and Active8media's complaint in Georgia was filed first, the Georgia Court should determine whether venue is proper in its court and thus decide which case should proceed.

## II.   STATEMENT OF RELEVANT FACTS

Activ8now holds all rights, title, and interest in two patents:  United States Patent No. 6,535,889 (the " '889 Patent") and United States Patent No. 6,557,006 (the " '006 Patent").  The

'889 Patent issued on March 18, 2003 and covers a "System and Method for Obtaining and Displaying an Interactive Electronic Representation of a Conventional Static Media Object." The '006 Patent issued on April 29, 2003 and covers a "System and Method for Displaying an Interactive Electronic Representation of a Corresponding Static Media Object."

Activ8now and Active8media are sister corporations and are both based in the Northern District of Georgia, and all of their employees reside and work in the Northern District of Georgia. Activ8media markets its services based upon the '889 Patent and the '006 Patent to publishers throughout the country. They offer publishers the ability to turn their catalogs and magazines into interactive web pages available through the Internet. In essence, users are able to view any page in the physical publication online and then interact with the page. This technology is covered by the '889 Patent and the '006 Patent.

In 2004, Active8media entered into discussions with Condé Nast regarding the use of Activ8now's technology for Condé Nast's September edition of *Vogue*, the largest edition of the magazine each year. In June 2004, Condé Nast executed a contract with Active8media for the September 2004 issue of *Vogue* (the "Vogue Agreement"). Pursuant to the Vogue Agreement, Active8media agreed to provide goods and services related to Activ8now's patented technology to Condé Nast for the September 2004 edition of *Vogue*. *See* Complaint, ¶ 8.

After the full performance, completion, and expiration of the Vogue Agreement for the September 2004 issue of *Vogue*, Condé Nast broke off license discussions for the March 2005 edition of *Vogue*, and instead, awarded RichFX, Inc. the contract for the March 2005 edition of *Vogue* and the May 2005 edition of *Condé Nast Traveler*. *See* Complaint, ¶ 11.

On June 10, 2005, Activ8now and Active8media brought suit against Advance Publications, Inc., Advance Magazine Publishers Inc. d/b/a Condé Nast Publications, RichFx,

Inc., John Does 1-4, ABC Company and XYZ Company for patent infringement, unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for misappropriation of trade secrets in violation of New York State's common law and the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 *et al.* (the "Georgia action").

Activ8now and Active8media's Complaint in the Georgia action referenced the Vogue Agreement as Exhibit C but did not attach or serve a copy of said agreement on the named defendants. On July 28, 2005, per Defendants' RichFX's request, Plaintiffs filed their Notice of Correction to the Exhibits to Plaintiffs' Complaint so that the Vogue Agreement by and between Vogue Magazine (Condé Nast) and Active8Media could be added to the Complaint. Counsel for the Defendants, including counsel for Condé Nast, was served with this document.

At no time after the filing and service of the Vogue Agreement did counsel for Condé Nast object to the filing of the Vogue Agreement. Indeed, on August 5, 2005, counsel for all parties met to discuss potentially settling this matter, and no issue was raised regarding the filing of the Vogue Agreement. Moreover, neither Condé Nast nor its parent company Advance Publications, Inc. has ever undertaken any effort to seal or otherwise remove the Vogue Agreement from the docket of the Georgia action.

Despite Condé Nast's clear waiver of any claim based on the filing of the Vogue Agreement, on August 30, 2005, Activ8now and Active8media requested that the United States District Court for the Northern District of Georgia seal docket entry 8, which includes the Vogue Agreement.

Condé Nast has filed the present action in the United States District Court for the Southern District of New York against Activ8Now and Active8Media seeking a declaration that it has not unfairly competed with Defendants, that it has not misappropriated Defendants' trade

secrets, that it has not breached the Vogue Agreement or any other agreement with Defendants, for breach of contract and conspiracy to breach a contract based on Defendants' filing of the Georgia Action and their inadvertent filing of the Vogue Agreement as an Exhibit to their Complaint.

### III.   ARGUMENT AND CITATION OF AUTHORITIES

**A.   This Court Lacks Personal Jurisdiction Over Defendant Activ8now**

As an initial matter, this Court lacks personal jurisdiction over Defendant Activ8now. In the present case, as is set forth in the Complaint, the Vogue Agreement at issue was entered into by Active8media and Condé Nast d/b/a/ Vogue. As a non-party to the agreement, Activ8now, a Delaware corporation based in the Northern District of Georgia, did not agree to be subject to jurisdiction in New York. Moreover, Condé Nast's Complaint does not provide any factual basis to support the exercise of general personal jurisdiction over Activ8now. Thus, all claims against Activ8now should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(2).

**B.   The Complaint Represents an Improper Use of the Declaratory Judgment Act**

    1.   Counts I, II, and III should be dismissed in their entirety for lack of actual controversy

In Counts I, II and III of the Complaint, Condé Nast seeks a finding that it is not liable for damages alleged to have already accrued to Defendants. This is not the type of relief contemplated by the Declaratory Judgment Act, United States Code Title 28, Section 2201. Section 2201 provides authority for district courts to issue declaratory judgments. Section 2201, however, does not grant jurisdiction; rather it provides a mode or relief for aggrieved persons. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876 (1950). Section 2201 provides, in pertinent part:

7

> In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

The Second Circuit has articulated two criteria to assist district courts in exercising the broad discretion conferred by the Declaratory Judgment Act: "(1) when the judgment will serve a useful purpose in clarifying and settling legal relations in issue; and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992).

Condé Nast's claims for declaratory judgment as set forth in Counts I, II, and III of the Complaint should be dismissed due to Condé Nast's failure to allege a "**presen**t activity which would constitute unfair competition, trade secret misappropriation or breach of contract." *Super Sack Manuf. Corp. v. Chase Pkg. Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (*emphasis added*). Such allegations are required to satisfy the second part of the two-part jurisdictional test, which focuses on the present acts of the declaratory plaintiff to ensure that there exists a real and immediate controversy between the parties, rather than a hypothetical dispute or request for an advisory opinion. "Where the purported use of the [Declaratory Judgment Act] seeks a declaration of non-liability to preemptively defeat actions grounded on tort claims involving rights **already** accrued by reason of alleged wrongful conduct, various courts have held that such an application is not a warranted purpose of the DJA." *National Union Fire Ins. Co. of Pittsburgh v. International Wire Group, Inc.*, 2003 WL 21277114 (S.D.N.Y. 2003) (*emphasis added*) citing *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp.2d 394, 433 (S.D.N.Y. 2002) citing *Cunningham Bros. Ins. V. Bail*, 407 F.2d 1156, 1167-68 (7th Cir. 1969) and *BASF Corp. v.*

*Symington*, 50 F.3d 555, 559 (8th Cir. 1995); *see also Sun oil v. Transcontinental Gas Pipe Line Corp.*, 108 F. Supp. 280, 282 (E.D.Pa. 1952) (holding that a declaratory action should not be entertained when it is initiated by an actual defendant in a tort action).

Applying these principles to the facts at bar, Condé Nast is not entitled to declaratory judgment. At no point does Condé Nast allege that it engaged in the "present activity" necessary to satisfy the case or controversy of the jurisdictional test. Counts I, II and III do not involve an actual case or controversy but instead seek relief from past accrued liability.

Count I is cast in the past tense and reads, "by virtue of defendants' false assertions that plaintiff **ha**s unfairly **competed** with defendants under 15 U.S.C. § 1125(a) by improperly using materials provided by defendants to plaintiff under the Vogue Agreement, plaintiff Condé Nast is entitled to a declaration under 28 U.S.C. § § 2201 and 2202 that it **has not competed** unfairly with, falsely **designated** origin, or otherwise **violated** any related rights of defendants." Complaint, ¶ 20. (*emphasis added*).

Similarly, Count II is cast in the past tense and reads, "[b]y virtue of defendants' false assertions that plaintiff **has misappropriated** trade secrets of defendants by improperly using material provided by defendants to plaintiff under the Vogue Agreement, plaintiff Condé Nast is entitled to a declaration under 28 U.S.C. § § 2201 and 2202 that it **has not misappropriated** any trade secrets of defendants, otherwise **violated** any related rights of defendants." Complaint, ¶ 22 (*emphasis added).*

In Count III, again, Condé Nast asks this Court for a declaratory judgment that "by virtue of defendants' false assertions that plaintiff **has** unfairly **competed** with and **misappropriated** trade secrets by defendants by improperly using materials provided by defendants to plaintiff under the Vogue Agreement, plaintiff Condé Nast is entitled to a declaration under 28 U.S.C.

§ § 2201 and 2202 that is **has not breached** the Vogue Agreement or any other agreement with defendants, or otherwise **violated** any related rights of defendants." Complaint, ¶ 24 (*emphasis added*).

Counts I, II and III of the Complaint clearly request declaratory judgments solely for past acts. Any damages due to Defendants Activ8now and Active8media for unfair competition or misappropriation of trade secrets have already accrued. Consequently, there is no basis for declaratory relief. *See Gianni port Ltd. v. Metallica*, No. 00 Civ. 0937, 2000 WL 1773511, at *4 (S.D.N.Y. Dec. 4, 2000) (dismissing action seeking declaration of non-liability for past alleged trademark infringement because any damages that are due have already accrued").

    2.    <u>Condé Nast has not alleged the adverse interest required for declaratory relief on Count III of the Complaint</u>

Similarly, Condé Nast also lacks standing to obtain declaratory relief on Count III of the Complaint because it seeks a declaratory judgment beyond the claims actually asserted in the Georgia action. As such, it fails to meet the first prong articulated by the Second Circuit, whether the requested declaratory judgment will "clarify and settle legal relations in issue." *Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992) .

Condé Nast specifically requests a declaratory judgment for non-breach of the Vogue Agreement. Defendants Activ8now and Active8media, though, have not brought a claim for breach of contract against Condé Nast nor have they threatened to do so. In the Georgia action, Activ8now and Active8media have brought claims for patent infringement, unfair competition and trade secret misappropriation against Condé Nast along with several other entities but have not filed suit for breach of contract. Consequently, there is no matter in controversy that would justify the maintenance of an action for declaratory judgment of non-breach of contract under the Declaratory Judgment Statute.

Condé Nast cannot satisfy either part of the test required for declaratory relief, and Count III of its Complaint should therefore be dismissed.

    3.    <u>Condé Nast's declaratory judgment claims warrant dismissal under the discretion provided this Court by the Declaratory Judgment Act</u>

The Court's discretion is not "constricted or guided solely by the criteria" set forth in *Continental Cas. Co. v. Coastal Sav. Bank*. *See Dow Jones, Inc. v. Harrods, Ltd.*, 237 F. Supp.2d 394, 433 (S.D.N.Y. 2002). Courts "must look at the litigation situation as a whole in determining whether it is appropriate for the Court to exercise jurisdiction over the declaratory action before it." *Great American Ins. Co. v. Houston Gen. Insurance Co.*, 735 F. Supp. 584, 585 (S.D.N.Y. 1990).

Whether to exercise jurisdiction over a declaratory judgment claim lies in the sound discretion of the Court, particularly when there is a pending proceeding in another court, state or federal that will resolve the controversies between the parties." *National Union Fire Ins. Co. of Pittsburgh v. International Wire Group, Inc.*, 2003 WL 21277114 (S.D.N.Y. 2003) *citing Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 584 (S.D.N.Y. 1990).

In this instance, there is a prior pending action in the Northern District of Georgia, but Condé Nast clearly prefers to avoid that forum. As noted by one court, the "purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing . . . to choose a forum." *Exxon Shipping Co. v. Airport Depot Diner, Inc.*, 20 F. 3d 166, 170 (9th Cir. 1997) (*quoting H. J. Heinz Co. v. Owens*, 189 F. 2d 505, 508 (9th Cir. 1951)). This is exactly what Condé Nast has tried to do. When both federal actions involve virtually the same issues and parties, the better alternative is to allow the broader relief action to proceed because it certainly would address the relief sought, rather than the restricted declaratory judgment action. *Budget Rent A Car Corp. v. Miljack Inc.*, 760 F. Supp. 135 (N.D. Ill. 1991).

11

Activ8now and Active8media were the first to file suit in Georgia for patent infringement, unfair competition and trade secret misappropriation against Condé Nast. Yet, Condé Nast has asked this Court for a declaratory judgment on three issues all of which rely on the underlying facts present in the Georgia action, and which are related to Defendants' patent infringement claims at the heart of the Georgia action.

In determining whether a court should proceed with a declaratory judgment action, the District Court of Massachusetts remarked that a court "should determine whether a judgment will serve a useful purpose in either clarifying and settling legal relations or finally ending the controversy giving rise to the proceedings." *Associated General Contractors v. Boston District Council of Carpenters*, 642 F. Supp. 1435, 1441 (D.Mass. 1986). In addition, avoiding piecemeal litigation is also an appropriate goal in a court's discretionary calculus. *See Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 310 (1st Cir. 1986). Litigation of Condé Nast's declaratory judgment claims would serve none of these purposes. The parties would end up litigating substantially related claims in two separate forums resulting in piecemeal litigation; it would not serve to clarify or settle the legal relations between the parties as the patent infringement claims would remain to be resolved; nor would it constitute a final ending to the controversy giving rise to these proceedings as Activ8now and Active8media's claims against the remaining defendants in the Georgia action would remain to be litigated in Georgia.

For the foregoing reasons and as Activ8now and Active8media were the first to file in the Northern District of Georgia, this Court should dismiss Condé Nast's declaratory judgment claims.

C. **Counts IV and V Also Fail to State a Claim Upon Which Relief Can Be Granted As There Is No Basis Under New York Law for Plaintiff's Claims for Conspiracy to Breach the Contract**

Both Counts IV and V, which claim a conspiracy to breach the Vogue Agreement, fail to state a claim for relief against both Active8media and Activ8now. To the extent that Counts IV and V allege that Active8media conspired with Activ8now to breach the Vogue Agreement, Active8media cannot be held liable for conspiracy to breach the contract to which it was a party. New York law is clear that a claim alleging a conspiracy to breach one's own contract is insufficient with respect to a defendant who allegedly breached the contract. *Sharma v. Skaarup Ship Management Corp.*, 699 F. Supp. 440, 445 (S.D.N.Y. 1988) *citing Special Event Rockefeller Center, Inc.*, 458 F. Supp. 72, 78 (S.D.N.Y. 1978) and *Bereswill v. Yablon*, 6 N.Y.2d, 189 N.Y.S.2d 661, 160 N.E.2d 531 (1959). Because a plaintiff's damages can be recovered in an action for breach of contract, the contract action constitutes plaintiff's entire grievance. *Miller v. Vanderlip*, 285 N.Y. 116, 125, 33 N.E.2d 51 (1941).

The failure of Condé Nast's claim for conspiracy against Activ8media is similarly fatal to any similar claim against Activ8now as Active8media's alleged coconspirator. New York law does not recognize a claim against a third party for conspiring with a party to the contract to breach the contract. *Sharma*, 699 F. Supp. at 445. Consequently, there is no basis in law for Plaintiff's claims for conspiracy to breach the contract against either Active8media or Activ8now.

D. **Plaintiff Fails to Satisfy the Jurisdictional Requirements for Its Remaining Breach of Contract Claims**

This Court lacks jurisdiction over Plaintiff's remaining state law claims, Counts IV and V of the Complaint because Plaintiff has failed to meet the amount in controversy requirement of 28 U.S.C. § 1332. As discussed above, there is no jurisdictional basis under Federal law for

13

declaratory judgment Counts I, II and III of Plaintiffs' Complaint. Consequently, all of the remaining claims are state law claims, and jurisdiction must be based on diversity. 28 U.S.C. § 1332. In order to establish diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332.

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shpton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). The Fifth Circuit stated that "[w]hile the court is required to give due credit to the good faith claims of a plaintiff, given the intent of Congress in establishing the jurisdictional amount-to make federal court accessible without being abused-this court is under no obligation to accept every claim of damages at face value." *Diefentha v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982) ("Federal jurisdiction is not conferred by the stroke of a lawyer's pen. Rather, a plaintiff must adequately specify the factual basis for his claim of federal jurisdiction in the complaint or accompanying affidavits.").

In the present case, Condé Nast has failed to provide any basis for a determination that the claimed relief would meet the jurisdictional amount. It has not claimed any specific sum that would enable it to bring suit for breach of contract in federal court. Rather Condé Nast has asked this Court for an unspecified amount of damages based on breach of contract and conspiracy to breach the contract and has requested that it be awarded punitive damages appropriate under the circumstances.

It is clear from the facts alleged herein that Condé Nast cannot meet the required statutory jurisdictional amount for its remaining claims. First, punitive damages are not an available remedy on the remaining breach of contract claims. Punitive damages are unavailable

for ordinary breach of contract because the purpose of punitive damages is to vindicate private rights as opposed to remedying private wrongs. *See Rocanova v. Equitable Life Assurance Society*, 83 N.Y.2d, 603, 613, 634 N.E.2d 940, 943 (1994); *see also O.L. Bideau v. Ward*, 645 N.Y.S.2d 107, 110 (N.Y.App.Div. 1996) (holding that punitive damages may not be awarded in breach of contract cases unless public rights are implicated). This case does not involve any public rights.

Consequently, Condé Nast must be able to satisfy the amount in controversy requirement by the compensatory damages that it could reasonably expect to recover. This it cannot do. In a breach of contract case, the goal of a damage award is to place the plaintiff in the position it would have been in absent the breach. *See* Haig, Commercial Litigation in New York State Courts, § 51.3[c], at 31 (4 West's New York Practice Series, 1995); *Restatement (Second) of Contracts*, § 347, comment a; § 344 (1981). Condé Nast's first claim for breach of contract is based on Defendants filing their patent infringement, trade secret misappropriation and unfair competition claims in Georgia. In the present case, even if the Court were to find that the claims in the Georgia action related to and were governed by the forum provision clause of the completed Vogue Agreement between Active8media and Condé Nast[1], the most that Plaintiff could hope to recover would be its fees and costs for litigating the Georgia action and filing suit in New York, in all the filing of one motion and one complaint. Clearly, reasonable legal fees incurred for filing one motion and a complaint are substantially less than $75,000.

---

[1] It is Activ8now and Active8media's position that their claims in the Georgia Action are not subject to the forum-selection provision of the completed contract between Active8media and Condé Nast and they have filed in the Georgia Action a Response to Condé Nast's Motion to Dismiss or Transfer setting forth their position.

The addition of damages for any loss possibly attributable to Defendants' inadvertent disclosure of the Vogue Agreement would still be insufficient to meet the $75,000 jurisdictional requirement because Condé Nast has made no effort to mitigate these damages.  New York law imposes upon a party subjected to injury from breach of contract, the duty of making reasonable exertions to minimize the injury.  *See Wilmot v. State of New York*, 32 N.Y.2d 164, 168-169, 344 N.Y.S.2d 350 (1973); *Losei Realty Corp. v. City of New York*, 254 N.Y. 41, 47, 171 N.E. 899 (1930).  Under these circumstances, Condé Nast cannot now claim breach of contract and hold Defendants liable for the undetermined value of keeping the Vogue Agreement confidential when, at no time after the filing and service of the Complaint which referenced the Vogue Agreement as an Exhibit to the Complaint, or even after Defendants' filing of a Notice of Correction attaching the Vogue Agreement to the Complaint, did counsel for Condé Nast object to the filing of the Vogue Agreement.  Moreover, approximately one week after the Notice of Correction was served on counsel for all the parties, counsel met to discuss potentially settling this matter, and still Condé Nast failed to raise any issue regarding the filing of the Vogue Agreement.  Consequently, any damages that may have accrued from the inadvertent filing of the Vogue Agreement, Condé Nast has either fully waived or has, at a minimum, failed to mitigate to the extent that any remaining damages would be nominal and certainly less than $75,000.

Accordingly, as Condé Nast cannot claim the required statutory amount and its remaining state law claims should be dismissed for lack of subject matter jurisdiction.

E.     **Motion to Stay the Proceedings in the Alternative**

In the alternative, Defendants Activ8now and Active8media request that this Court stay these proceedings in the United States District Court for the Southern District of New York. Activ8now and Active8media were the first to file their complaint for patent infringement,

federal unfair competition and trade secret misappropriation against Condé Nast amongst others in the United States District Court for the Northern District of Georgia on June 10, 2005. Defendants in the Georgia action, including Condé Nast, have moved to dismiss or in the alternative to transfer the case to the Southern District of New York.  Because the issues are substantially the same, because the facts underlying both suits are substantially identical, and because Activ8now and Active8media's complaint was filed first, the Georgia Court should be the court to determine whether venue is proper in its court and thus, decide which case should proceed.  Activ8now and Active8media request that this Court, in accordance with principles of comity, conservation of judicial resources, and federal precedent, stay the present action until ten (10) days after the Georgia Court makes its decision regarding proper venue.

## IV.   CONCLUSION

For the reasons detailed above, no actual controversy supports Plaintiff Condé Nast's claims for declaratory action either in whole or in part.  Counts I, II and III of Condé Nast's Complaint should therefore be dismissed in their entirety for failing to satisfy the two-part test for sustaining this Court's jurisdiction.  Counts IV and V fail to state a claim for relief for conspiracy to breach the contract.  Additionally, Counts IV and V fail to satisfy the amount in controversy requirement of the federal jurisdiction statute and should therefore also be dismissed for lack of subject matter jurisdiction.  In the alternative, Defendants Activ8now and Active8media respectfully request that this Court stay these proceedings until resolution of the

concurrently pending Georgia action.

This 19th day of September, 2005.

                                      Respectfully submitted,

                                      NIEHAUS LLP

                                      <u>s/ Paul R. Niehaus</u>
                                      Paul R. Niehaus

220 East 54th Street, 3K
New York, New York 10022
Tel.: (917) 8827178
*Attorneys for Defendants*
*Activ8Now, LLC and Active8Media, LLC*

<u>Of Counsel</u>
Dale Lischer
T. Hunter Jefferson
Deborah A. Heineman
SMITH, GAMBRELL & RUSSELL, LLP
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia  30309-3592
Tel.: (404) 815.3500
Fax: (404) 815.3509

LIT\920875.2

## CERTIFICATE OF SERVICE

I, Paul R. Niehaus, Esq., an attorney duly registered and licensed to practice law in the State of New York and in this Court, hereby certify under penalty of perjury that I caused the annexed Memorandum of Law in Support of Defendants Activ8now, LLC and Active8media, LLC's Motion to Dismiss and/or Motion to Stay Action, and the accompanying Notice of Motion to be served by hand on Monday, September 19, 2005 by hand on the following parties, in addition to electronic service effected by the Court:

> Randy Lipsitz, Esq. (RL-1526)
> Richard L. Moss, Esq. (RLM-7948)
> KRAMER LEVIN NAFTALIS & FRANKEL LLP
> 1177 Avenue of the Americas
> New York, New York 10036
> Tel.: (212)715-9100
> Fax: (212)715-8000
> *Attorneys for Plaintiff Advance Magazine Publishers Inc.*
> *d/b/a The Condé Nast Publications*
>
> Jerry S. Birenz, Esq.
> Michael J. Anderson, Esq.
> SAWN, BERMANT & GOULD LLP
> 4 Times Square, 23rd Floor
> New York, New York 10036-6526
> Tel.: (212) 381-7000
> *Of Counsel to Plaintiff*

s/ Paul R. Niehaus
Paul R. Niehaus

LIT\920875.2