Randy Lipsitz, Esq. (RL-1526)
Richard L. Moss, Esq. (RLM-7948)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Plaintiff,
ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDÉ NAST PUBLICATIONS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------- x

ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDÉ NAST PUBLICATIONS,

                Plaintiff,

                v.

ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC,

                Defendants.
---------------------------------------- x

CIVIL ACTION NO.:

05-CV-7516 (KMK)

JURY TRIAL DEMANDED

**AMENDED COMPLAINT**

Plaintiff Advance Magazine Publishers Inc. d/b/a The Condé Nast Publications, for its Amended Complaint against defendants Activ8now, LLC and Active8media, LLC, alleges as follows:

## THE PARTIES

1.  Plaintiff Advance Magazine Publishers Inc. d/b/a The Condé Nast Publications ("Condé Nast") is a corporation of the State of New York, having a principal place of business at 4 Times Square, New York, New York 10036.

2.  Upon information and belief, both defendants Activ8now, LLC ("Activ8now") and Active8media, LLC ("Active8media," Activ8now and Active8media being collectively referred to as "Active8") are Delaware limited liability companies having a place of business at 10 Glen Lake Parkway, Suite 900, Atlanta, Georgia 30328.

3.  Upon further information and belief, defendants transact business in the State of New York and in this judicial district, have transacted business in the State of New York and in this judicial district with plaintiff Condé Nast which gives rise to the counts set forth herein, and have committed acts within and without the State of New York and this judicial district causing injury to plaintiff Condé Nast in this judicial district.

## JURISDICTION AND VENUE

4.  The jurisdiction of this Court is based on 28 U.S.C. §§ 1331, 1332, 1338 and 1367; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.  This Court has personal jurisdiction over defendants based upon their commercial activities within this judicial district which give rise to the causes of action set forth

herein, as well as for the additional reasons set forth herein, and based further upon the transfer to this judicial district from the Northern District of Georgia of an improperly filed action by defendants against the plaintiff herein.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c), as well as based on defendant Active8media's written agreements that any dispute between the parties concerning the causes of action asserted herein shall be subject to the exclusive jurisdiction of the state and federal courts located in New York City.

## BACKGROUND

7. Plaintiff Condé Nast is the publisher of many well-known magazine titles, including among others: Vogue, Glamour, GQ, Cargo, Lucky, Self, Vanity Fair, Allure, House & Garden, Architectural Digest, Bon Appétit, Gourmet, Condé Nast Traveler, Wired and The New Yorker. These magazines are distributed and sold throughout the United States, including within this judicial district, and, in many cases, worldwide.

8. Each Condé Nast magazine title mentioned above has its own website, generally found on the Internet through a domain name address (or URL) containing the magazine title (or a variation thereof) usually in the ".com" top level domain. For example, the website for House & Garden magazine can be found at <www.houseandgarden.com> and the website for Lucky magazine can be found at <www.luckymag.com>. In some cases, a magazine title may have several different website addresses.

9.  Upon information and belief, Activ8now and Active8media are closely-held sister companies that have the same management and are controlled by the same individual, Todd Mannik. Upon further information and belief, the Active8 defendants hold themselves out to be either one-and-the-same entity or separate entities in order to support changing positions, or when otherwise convenient to do so.

10. The Active8 defendants are in the business of converting magazine pages, such as advertisements, into interactive electronic web pages, and placing them on websites hosted by defendants. Activ8now claims to own two U.S. patents that it asserts cover certain technology used in the Active8 defendants' business. Active8media claims to own the technology covered by the patents.

**The Vogue Agreement**

11. In or about the Spring of 2004, Condé Nast, through its magazine title and d/b/a Vogue Magazine, commenced discussions and negotiations with defendant Active8media for the purpose of engaging Active8media to develop interactive versions of selected advertisements to appear in the September 2004 issue of Vogue magazine and to host those interactive versions on a website. On June 17, 2004, plaintiff Condé Nast (through its d/b/a Vogue Magazine) and defendant Active8media entered into a Publisher Agreement (the "Vogue Agreement") for the September 2004 issue of Vogue magazine. The Vogue Agreement licenses Activ8now's patents and Active8media's technology to Condé Nast.

12. The Vogue Agreement contains an express confidentiality provision which, by its terms, among other things, restricts disclosure of any information concerning the terms of the Agreement. One purpose of this provision is to protect from disclosure the

- 4 -

confidential business requirements of and pricing structure provided to Condé Nast, which are explicitly set forth in the Vogue Agreement.

13. The Vogue Agreement also contains (i) a choice of law provision which provides that New York law is to govern the Vogue Agreement, (ii) a mandatory forum selection provision which provides that "[a]ny dispute arising hereunder or related to any matter which is the subject of this Agreement, shall be subject to the exclusive jurisdiction of the state and/or federal courts located in New York, NY," and (iii) a survival provision which provides that the following Sections of the Vogue Agreement "shall survive the expiration or termination of this Agreement for any reason": Sections 8 (Payment), 9 (Grant of License), 10 (Proprietary Rights), 11 (Term and Termination), 12 (Representations, Warranties and Consents), 13 (Indemnification), 14 (Insurance), 15 (Confidentiality), 17 (Limitation of Liability) and 20 (Miscellaneous—including choice of law and forum selection provisions). A redacted copy of the Vogue Agreement, showing only the introductory paragraphs, and the signatures of the parties is attached hereto as Exhibit 1. A full copy of the Vogue Agreement will be filed upon entry of a Protective Order in this action.

14. Following publication and distribution of the September 2004 issue of Vogue magazine by Condé Nast and the introduction of the related website then found at <www.shopseptembervogue.com> (which website is no longer active), plaintiff Condé Nast and defendant Active8media commenced discussions for the March 2005 issue of Vogue magazine. Negotiations between the parties eventually broke down. Condé Nast engaged another vendor, RichFX, Inc. ("RichFX") of New York City, to prepare and host a website for the March 2005 issue of Vogue magazine.

15. Without notice or warning and in direct breach of the Vogue Agreement, on June 10, 2005, the Active8 defendants commenced a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division under Civil Action No. 1:05-CV-1529-RLV against plaintiff Condé Nast as well as "Advance Publications, Inc." (asserted by Active8 to be the parent company of plaintiff Condé Nast), and RichFX (the "Georgia Action"). The Active8 defendants provided no basis or justification in the Georgia Action for including "Advance Publications, Inc." as a party in that action.

16. Upon information and belief, defendants' filing of the Georgia action was part of a scheme to disrupt and interfere with the business of Condé Nast as a form of punishment for Condé Nast's decision to work with another vendor.

17. The Complaint in the Georgia Action makes explicit reference to the Vogue Agreement in its background recitations and purports to attach a copy of the full Vogue Agreement to the publicly-filed Complaint as Exhibit C thereto. However, the Complaint as filed and as served on the named defendants in the Georgia Action did not contain a copy of the Vogue Agreement. A copy of the Complaint from the Georgia Action (without exhibits) is attached hereto as Exhibit 2.

18. In the Complaint in the Georgia Action, both defendants in the present action (as though they were one-and-the-same Active8 entity) jointly assert causes of action against all three named defendants therein (as though they were one-and-the-same entity) for (i) patent infringement of two U.S. patents, (ii) unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and (iii) misappropriation of trade secrets under both New York and Georgia law. The Complaint in the Georgia Action asserts that the unfair competition

KL3:2475274.1

and trade secret misappropriation counts arise from information provided by Active8media to Condé Nast under the Vogue Agreement.

19.     Again without warning or notice in direct breach of the Vogue Agreement, on July 28, 2005, the Active8 defendants in the present action, acting as plaintiffs in the Georgia Action, filed in the public record and served a Notice of Correction to the Exhibits to Plaintiffs' Complaint. A full, unredacted copy of the Vogue Agreement was attached to the Notice, thus breaching the confidentiality provision set out in the Vogue Agreement and publicly revealing plaintiff's confidential business requirements and other proprietary information regarding plaintiff's business operations and plans. One month later, upon plaintiff's original filing of this action in this Court on August 25, 2005, the Active8 defendants moved in the Georgia Action to seal the Vogue Agreement, recognizing that they had breached the Vogue Agreement.

20.     Plaintiff Condé Nast's motion to transfer the trade secret and unfair competition counts in the Georgia Action, and RichFX's motion to transfer the entire Georgia Action, have now been granted by the Georgia court, and the Georgia Action is in the process of being transferred to the Southern District of New York, thus confirming breach of the Vogue Agreement's forum selection provision by Active8media. The court in the Georgia Action found the crux of the Active8 defendants' arguments against transfer to be without merit. A copy of the Georgia court's Order transferring the Georgia Action is attached hereto as Exhibit 3.

### The H&G Agreement

21.     In addition to the Vogue Agreement, Condé Nast, through its d/b/a magazine title House & Garden Magazine, negotiated and entered into another Publisher Agreement with Active8media dated March 31, 2005 ("H&G Agreement") for the June 2005

issue of House & Garden magazine. The H&G Agreement contains the same survival, New York choice of law and New York City forum selection provisions as the Vogue Agreement. A redacted copy of the H&G Agreement, showing only the introductory paragraphs and the signatures of the parties, is attached hereto as Exhibit 4. A full copy of the H&G Agreement will be filed upon entry of a Protective Order in this action. The H&G Agreement was not asserted or mentioned in Active8's Complaint in the Georgia Action.

22. The H&G Agreement contains an express acknowledgement by Active8media that Condé Nast (the "Publisher") is the sole and exclusive owner of all right, title and interest in and to trademarks, service marks, trade names and logos of Condé Nast. In the H&G Agreement, Active8media also expressly agreed that it shall not "...during the term of this Agreement or at any time thereafter, register or attempt to register any Publisher Mark, any other trademark, service mark, trade name, logo or domain name of Publisher, or any similar trademark, service mark, trade name, logo or domain name." In addition, the H&G Agreement also licenses Activ8now's patents and Active8media's technology to Condé Nast.

23. Well before signing the H&G Agreement, as part of the promotion for the new proposed House & Garden magazine web site, Condé Nast developed the slogan "Love Learn Locate" to be used as a trademark and service mark in connection with House & Garden magazine. As part of the development activities by Active8media of proposed advertising and sales materials for the new proposed House & Garden magazine web site, Condé Nast disclosed its new "Love Learn Locate" slogan and trademark to Active8media. Thereafter, Active8media representatives created a sample web site screen shot for the new proposed House & Garden magazine web site using Condé Nast's "Love Learn Locate" slogan and trademark. A copy of the sample screen shot is attached hereto as Exhibit 5.

- 8 -

24. In furtherance of defendants' scheme to disrupt and interfere with the business of Condé Nast, without permission or authorization, and unbeknownst to Condé Nast at the time, on July 6, 2005, defendant Active8media fraudulently filed a trademark application under serial number 78/664,682, in its own name, with the United States Patent and Trademark Office for Condé Nast's "Love Learn Locate" slogan and trademark. As part of the trademark application, Todd Mannik, signing as "President" of Active8media, LLC, under full penalty of perjury under 18 U.S.C. Section 1001, willfully misrepresented in writing that Active8media (i) is the owner of the "Love Learn Locate" trademark, and (ii) knows of no other entity entitled to use the "Love Learn Locate" trademark in commerce. Active8media also improperly registered, in its own name, the "lovelearnlocate.com" Internet domain name. When confronted by Condé Nast's counsel as to its wrongdoing, Active8media's counsel responded that given the fallout among the parties "...our client has no incentive to transfer its ownership rights in the URL and trademark," and suggested that the issue be addressed in this litigation.

25. The Active8 defendants continue to use and market goods and services using Condé Nast's "Love Learn Locate" slogan and trademark without permission or authorization, and defendant Active8media continues to improperly assert ownership of Condé Nast's "Love Learn Locate" slogan and trademark. In effect, the Active8 defendants are holding Condé Nast's trademark hostage, to force (as ransom) an unfavorable settlement of the litigation upon Condé Nast.

**Actual Case and Controversy**

26. With respect to the declaratory judgments sought herein, an actual case and controversy exists between plaintiff Condé Nast and both Active8 defendants by virtue of (a)

KL3:2475274.1

the Active8 defendants having improperly filed the Georgia Action in violation of the forum selection provision in the Vogue Agreement, (b) the Active8 defendants having filed the full Vogue Agreement as an Exhibit pursuant to the Notice in the Georgia Action in violation of the confidentiality provision in the Vogue Agreement and (c) the Active8 defendants having asserted causes of action against plaintiff in the Georgia Action.

## AS AND FOR A FIRST CAUSE OF ACTION

27. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 as though fully set forth herein.

28. Defendants' continuing use of and promotion of goods and services using Condé Nast's "Love Learn Locate" slogan, trademark and domain name in commerce without permission, constitutes false designations of origin and federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' unfair competition has been intentional and willful, constituting an exceptional case pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

29. By reason of the foregoing acts of the Active8 defendants, plaintiff has sustained, and unless the Active8 defendants are enjoined, will continue to sustain, substantial injury, damage and suffer irreparable harm for which it has no adequate remedy at law. The Active8 defendants unlawfully and wrongfully derived, and will derive, income and profits, and have been and will be unjustly enriched as a result of the foregoing acts.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

31. The foregoing acts of the Active8 defendants constitute trademark infringement under the common law of the State of New York.

32. By reason of the foregoing acts of the Active8 defendants, plaintiff has sustained, and unless the Active8 defendants are enjoined, will continue to sustain, substantial injury, damage and suffer irreparable harm for which it has no adequate remedy at law. The Active8 defendants unlawfully and wrongfully derived, and will derive, income and profits, and have been and will be unjustly enriched as a result of the foregoing acts.

## AS AND FOR A THIRD CAUSE OF ACTION

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34. The foregoing acts of the Active8 defendants constitute deceptive acts and practices in violation of Section 349 of the General Business Law of the State of New York.

35. By reason of the foregoing acts of the Active8 defendants, plaintiff has sustained, and unless the Active8 defendants are enjoined, will continue to sustain, substantial injury, damage and suffer irreparable harm for which it has no adequate remedy at law. The Active8 defendants unlawfully and wrongfully derived, and will derive, income and profits, and have been and will be unjustly enriched as a result of the foregoing acts.

KL3:2475274.1

## AS AND FOR A FOURTH CAUSE OF ACTION

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 as though fully set forth herein.

37. The foregoing acts of the Active8 defendants constitute unfair competition in violation of the common law of the State of New York.

38. By reason of the foregoing acts of the Active8 defendants, plaintiff has sustained, and unless the Active8 defendants are enjoined, will continue to sustain, substantial injury, damage and suffer irreparable harm for which it has no adequate remedy at law. The Active8 defendants unlawfully and wrongfully derived, and will derive, income and profits, and have been and will be unjustly enriched as a result of the foregoing acts.

## AS AND FOR A FIFTH CAUSE OF ACTION

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 as though fully set forth herein.

40. Defendant Active8media breached and continues to breach the H&G Agreement by asserting ownership of Condé Nast's "Love Learn Locate" slogan, trademark and URL.

41. Defendant Active8media breached and continues to breach the H&G Agreement by having filed and continuing to prosecute a fraudulent trademark application with the United States Patent and Trademark Office and by fraudulently registering a domain name for Condé Nast's "Love Learn Locate" trademark.

42. Defendant Active8media breached and continues to breach the H&G Agreement by unlawfully allowing defendant Active8now to use Condé Nast's "Love Learn Locate" slogan, trademark and domain name without the permission of Condé Nast.

43. By reason of the foregoing acts of the Active8 defendants, plaintiff has sustained, and unless the Active8 defendants are enjoined, will continue to sustain, substantial injury, damage and suffer irreparable harm for which it has no adequate remedy at law. The Active8 defendants unlawfully and wrongfully derived, and will derive, income and profits, and have been and will be unjustly enriched as a result of the foregoing acts.

## AS AND FOR A SIXTH CAUSE OF ACTION

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45. By virtue of defendants' false assertions that plaintiff has unfairly competed with defendants under 15 U.S.C. § 1125(a) by improperly using materials provided by defendants to plaintiff under the Vogue Agreement, plaintiff Condé Nast is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that it has not competed unfairly with, falsely designated origin, or otherwise violated any related rights of defendants.

## AS AND FOR A SEVENTH CAUSE OF ACTION

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47. By virtue of defendants' false assertions that plaintiff has misappropriated trade secrets of defendants by improperly using materials provided by defendants to plaintiff under the Vogue Agreement, plaintiff Condé Nast is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that it has not misappropriated any trade secrets of defendants, or otherwise violated any related rights of defendants.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 as though fully set forth herein.

49. By virtue of defendants' false assertions that plaintiff has unfairly competed with and misappropriated trade secrets of defendants by improperly using materials provided by defendants to plaintiff under the Vogue Agreement, plaintiff Condé Nast is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that it has not breached the Vogue Agreement or any other agreement with defendants, or otherwise violated any related rights of defendants.

## AS AND FOR A NINTH CAUSE OF ACTION

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 49 as though fully set forth herein.

51. By virtue of the filing of the Georgia Action by defendants against plaintiff Condé Nast, defendant Active8media has breached the Vogue Agreement, which requires that causes of action covering subject matter arising thereunder be brought exclusively in the state and/or federal courts located in New York, NY.

KL3:2475274.1

## AS AND FOR A TENTH CAUSE OF ACTION

52. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53. Defendant Active8media breached the Vogue Agreement when it filed a full, unredacted copy of the Vogue Agreement on the public record in the Georgia Action and served it on defendants in that action, thus breaching the confidentiality provision in the Vogue Agreement and publicly revealing plaintiff's confidential business requirements and other proprietary information regarding plaintiff's business operations and plans to Activ8now and others.

WHEREFORE, plaintiff Condé Nast prays for the following relief:

A. A preliminary and permanent injunction restraining and enjoining defendants, including all subsidiaries, parents, related companies, officers, agents, employees, and all others in privity, concert or participation with them or on their behalf, against further acts of trademark infringement, unfair competition, false designation of origin and deceptive acts and practices by them concerning use of Condé Nast's "Love Learn Locate" slogan and trademark;

B. An Order requiring defendants to transfer to Condé Nast U.S. trademark application serial number 78/664,682, the domain name registration for lovelearnlocate.com, and all other similar applications and registrations filed by or on behalf of the defendants;

C. A finding that defendants' trademark filing and domain name registration embodying Condé Nast's "Love Learn Locate" slogan and trademark were fraudulent;

D. A declaration that Condé Nast has not violated Section 43(a) of the Lanham Act 15 U.S.C.§1125(a) as asserted by defendants, or violated any related rights of defendants;

E. A declaration that Condé Nast has not misappropriated any trade secrets or confidential information of defendants, or violated any related rights of defendants;

F. A declaration that Condé Nast has not breached the Vogue Agreement, or violated any related rights of defendants;

G. A finding that defendant Active8media willfully breached the Vogue Agreement with Condé Nast, and that defendants cooperated to cause a breach of the Vogue Agreement;

H. A finding that defendant Active8media willfully breached the H&G Agreement with Condé Nast, and that defendants cooperated to cause a breach of the Vogue Agreement;

I. An award of damages to plaintiff for defendants' breach of contract, fraudulent conduct and other wrongdoing;

J. That plaintiff be awarded such other damages, enhanced (treble) damages and punitive damages as appropriate under the circumstances; and,

K. That plaintiff have such other and further relief as may to the Court seem just and proper under the circumstances, including without limitation an award of attorney

fees, costs and disbursements incurred by plaintiff Condé Nast in defending the Georgia Action and in protecting its rights in the present action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of this action.

Dated: November 1, 2005
      New York, New York

                               Respectfully submitted,

                               KRAMER LEVIN NAFTALIS & FRANKEL LLP
                               Attorneys for Plaintiff
                                 Advance Magazine Publishers Inc.
                                 d/b/a The Condé Nast Publications
                               1177 Avenue of the Americas
                               New York, New York 10036
                               Tel.: (212) 715-9100
                               Fax: (212) 715-8000

                               By: _/s/ Randy Lipsitz_____
                                  Randy Lipsitz, Esq. (RL-1526)
                                  Richard L. Moss, Esq. (RLM-7948)

OF COUNSEL:
Jerry S. Birenz, Esq.
Michael J. Anderson, Esq.
SABIN, BERMANT & GOULD LLP
4 Times Square, 23rd Floor
New York, NY 10036-6526
Tel.: (212) 381-7000