FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 2 0 2005

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC, | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. 1:05-CV-1529-RLV |
| ADVANCE PUBLICATIONS, INC., et al., | |
| Defendants. | |

O R D E R

This is an action for patent infringement, unfair trade practices in violation of 15 U.S.C. § 1125(a), and misappropriation of trade secrets under New York and Georgia state law. This matter is before the court on the Advance Publications' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) [Doc. No. 19]; defendant RichFX's motion to transfer to United States District Court for the Southern District of New York along with an accompanying motion for a hearing on said motion [Doc. Nos. 17 and 18]; and the plaintiffs' motion for leave to file an amended complaint [Doc. No. 25]. Additionally, defendant RichFX has filed a motion to stay discovery and "Local Rule Disclosures" [Doc. No. 36].

### I. Procedural History

The following facts are gleaned from the court's review of the record and the parties' submissions. The plaintiffs, Activ8now, LLC ("Activ8now") and Active8media, LLC ("Active8media") filed the current suit on June 10, 2005, against defendants Advance Publications Inc. and Advance Magazine Publishers, Inc., which was doing business as The Condè Nast Publications (which are collectively known as "Advance Publications" for purposes of this order), and RichFX, Inc. ("RichFX"), alleging (1) patent infringement in violation of 35 U.S.C. § 271 et seq.; (2) violations of Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a); and (3) misappropriation of trade secrets in violation of New York and Georgia state law.

As set forth in the Complaint, Activ8now owns the two patents contained in Count I of the Complaint, and Active8media owns the trade secrets that are the subject of Counts II and Counts III of the Complaint. In June 2004, Advance Publications, through its magazine title and doing business as "Vogue Magazine", entered into a contractual agreement, ("Publisher Agreement") with Active8media for the purpose of licensing Activ8now's technology for the development of interactive electronic representations of conventional print media for the September 2004 issue of Vogue magazine. As its goal, the deal was to allow Vogue readers to shop directly off the advertising pages of Vogue in conjunction with an

2

associated "shopvogue" Internet website using the plaintiffs' technology. In addition to licensing its patented technology to Advance Publications for the September 2004 issue of Vogue magazine, Active8media also provided Advance Publications with confidential, trade secret and/or proprietary information for which Active8media has expended substantial resources in developing and maintaining.

The Publisher Agreement between Vogue and Active8media contained both a choice of law provision and a forum clause selection clause on page 11. The forum selection clause, which is titled "Resolution of Disputes", provides:

> "Any dispute arising hereunder or related to any matter which is the subject of this Agreement shall be subject to the exclusive jurisdiction of the state and/or federal courts located in New York, NY."

The choice of law clause of the Publisher Agreement provides, "This Agreement shall be governed by the laws of the State of New York without regard to its conflict of law rules."

Following the expiration of the Publisher Agreement for the September 2004 issue of Vogue magazine, Advance Publications and plaintiff Active8media broke off negotiations for the March 2005 issue of Vogue. According to the Complaint, Advance Publications then engaged another vendor, defendant RichFX, to develop the March 2005 interactive edition of Vogue magazine. The plaintiffs allege that RichFX and Advance Publications improperly used their patents and trade secrets in developing the March 2005 issue.

3

In response to the plaintiffs' Complaint, Advance Publications have requested that the plaintiffs' claims related to unfair trade practices and misappropriation of trade secrets, i.e., Counts II and III of the Complaint be dismissed pursuant to Rule 12(b)(3) because those claims fall within the scope of the forum selection clause of the Publisher Agreement. Alternatively, Advance Publications have requested that these claims be transferred to the United States District Court for the Southern District of New York so that these claims might be consolidated with a suit pending in that court.[1] Defendant RichFx has requested that this court transfer the entire action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). On September 19, 2005, the plaintiffs filed a motion for leave to amend their complaint to include new claims against the defendants. For purposes of judicial economy, the court has opted to address the defendants' motions to dismiss pursuant to Rule 12(b)(3) or, in the alternative to transfer pursuant to 28 U.S.C. § 1404(a), prior to addressing the plaintiffs' motion to amend their complaint.

---

[1] On or about August 26, 2005, Advance Publications filed a related action in the United States District Court for the Southern District of New York (the "New York Action"), seeking a declaration that Advance Publications did not unfairly compete with Activ8now and Active8media, that Advance Publications did not misappropriate the Activ8now and Active8media's trade secrets, and that Advance Publications did not breach the Vogue Agreement or any other agreements. Additionally, Advance Publications allege a cause of action against Activ8now and Active8media for breach of contract and conspiracy to breach a contract based on Activ8now and Active8media's filing of the current suit in this court and their filing of the Publisher Agreement as an Exhibit to their Complaint.

4

## II. Legal Analysis and Discussion

According to P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003), the following principles "have been established for consideration of whether a case should be removed to another jurisdiction pursuant to a forum selection clause."

> 3. The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute. See In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).
>
> 4. The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general. See In re Ricoh Corp., 870 F.2d at 573-74 (considering whether the clause was "freely and fairly negotiated by experienced business professionals" and whether there was any fraud, duress, misrepresentations, or other misconduct in connection with the agreement to the forum selection clause).
>
> 5. Under Section 1404(a), the court should consider "the convenience of parties and witnesses" and "the interest of justice," with a choice of forum clause "a *significant* factor that figures *centrally* in the district court's calculus." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)(emphasis added). "Thus, while other factors might 'conceivably' militate against a transfer . . . the venue mandated by a choice of clause rarely will be outweighed by other 1404(a) factors." In re Ricoh Corp., 870 F.2d at 573.
>
> 6. By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen. In re Ricoh Corp., 870 F.2d at 573.

> 7. The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause. See Bonny v. Society of Lloyd's, 3 F.3d 156, 160 n. 11 (7th Cir. 1993).
>
> 8. No case has been cited indicating that congestion of the selected forum's court docket should be grounds to avoid enforcement of a forum selection clause.

Therefore, in order to overcome the *prima facie* validity and the enforcement of a forum selection clause, the plaintiffs must establish that judicial enforcement of the clause would be improper due to an "exceptional situation." See In re Ricoh, 870 F.2d at 574.

In the current suit, the applicable forum selection clause provides:

> "Any dispute arising hereunder or related to any matter which is the subject of this Agreement shall be subject to the exclusive jurisdiction of the state and/or federal courts located in New York, NY."

The plaintiffs do not dispute the presence of a forum selection clause. Instead, the crux of the plaintiffs' argument is that since they have not asserted a breach of contract claim with respect to the Publisher Agreement, the forum selection clause is not relevant to a venue determination. This argument is without merit. Where the forum selection clause is written broadly, as is the case here, claims beyond those alleging breach of the contract that contains the clause are covered. In arriving at that conclusion, the court notes that courts have found that forum selection clauses govern not only contractual claims but also tort

6

claims "arising directly or indirectly from the business relationship evidenced by the contract." Steward Org., Inc., v. Ricoh Corp., 810 F.2d 1066, 1070 (11th Cir. 1987). In this case, the forum selection clause encompasses "[a]ny dispute arising hereunder or related to any manner which is the subject of this Agreement." This language is sufficiently broad enough to include Counts II and III of the Complaint, alleging Lanham Act violations and misappropriation of trade secrets under New York and Georgia law within its scope.[2]

In addition to the above argument, the plaintiffs make several arguments as to why the forum selection clause is unenforceable. First, the plaintiffs contend that the clause is unenforceable because the Publisher Agreement was fully performed and, thus, the Publisher Agreement and the forum selection clause have expired and are no longer unenforceable. However, the plaintiffs fail to note that the Publisher Agreement provides for the survivability of the forum selection clause in Paragraph 11(c). Specifically, the survivability clause provides, "The provisions contained in Sections 8, 9, 10, 11, 12, 13, 14, 15, and 17 and 20 shall survive the expiration or termination of this Agreement for any reason."

Second, the plaintiffs argue that it would be unjust to require the plaintiffs to litigate their claims which arose after the expiration and complete performance of the contract and which are not dependant on the performance of the contract in the forum

---

[2] The court need not reach the question of whether a non-party can be bound by a forum selection clause, since the non-party in this case, RichFX, has consented to (and even requested) the transfer to New York.

contemplated by the contract. However, this argument misses the mark. There is no evidence that the Publisher Agreement, which includes the survivability clause, was not freely and fairly negotiated by experienced business professionals, nor have the plaintiffs claimed that Advance Publications, or its representatives, engaged in fraud, duress, misrepresentation, or other misconduct in connection with the Publisher Agreement. Therefore, the court concludes that the enforcement of the forum selection clause, which survives the expiration of the contract via the survivability clause, is neither unfair nor unjust.

Third, the plaintiffs argue that the "first filed" rule bars any request to transfer. With respect to motions to transfer pursuant to 28 U.S.C. § 1404(a), like under 28 U.S.C. § 1406(a), where there is a valid, reasonable contractual forum selection provision, as is the case in this matter, the party opposing enforcement of the provision bears a heavy burden of persuading the court that it should not be held to its bargain. See P & S Business Machines, 331 F.3d at 807; In re Ricoh, 870 F.2d at 573. The rationale underlying this "shift" of the burden of persuasion is that a movant attempting to enforce a forum selection clause is not attempting to limit a plaintiff's right to choose its forum; instead, the movant is selecting the forum that plaintiff had already chosen by contract--the contractual venue. In re Ricoh Corp., 870 F.2d at 573. Following the precedent established by In re Ricoh Corp., the court concludes that there is no reason to accord any deference to the forum where the plaintiffs filed this action. In fact, the Court of Appeals for the Eleventh Circuit has

held that such deference to the filing forum would only encourage parties to violate their contractual obligations. Id.

Since the forum selection clause is enforceable, the remaining question is whether the court's enforcement of the forum selection clause favors dismissal under Rule 12(b)(3) or transfer to another federal district court under 28 U.S.C. § 1404(a). In determining whether to dismiss or transfer a case, the court must weigh which is the more efficient and just means of enforcing the forum selection clause. See Licensed Practical Nurses, Technicians & Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc., 131 F. Supp.2d 393, 409 (S.D.N.Y. 2000). In the current matter, the court has previously found that Counts II and III of the plaintiffs' Complaint fall within the scope of the forum selection clause. Therefore, if the court were to either transfer or dismiss these two claims, only the patent infringement claim would be retained by this court. However, this court's retention of the plaintiffs' patent claim alone could potentially result in the duplication of litigation.[3] Therefore, the court concludes that transfer of the entire suit, including the patent claim, is the most sensible option for enforcing the forum selection clause since transfer of the entire suit will avoid piecemeal litigation.[4]

---

[3] In fact, the court notes that although, the plaintiffs' current cause of action is pleaded as patent infringement, this action might ultimately be found, after discovery, to be based on a breach of the terms of the Publisher Agreement. However, it is not for this court to make a decision on that issue.

[4] The alternative would be for this court to dismiss the plaintiffs' Counts II and III and retain Count I. However, such a result would force the plaintiffs to re-file Counts II and III,

9

The Supreme Court in <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988), has noted that 28 U.S.C. § 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." 28 U.S.C. § 1404(a) states, "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As an initial matter, the court concludes that this action could have been brought in the Southern District of New York. All parties are subject to personal jurisdiction in that district; venue is also proper because all of the defendants' principal places of business, at least according to the plaintiffs' Complaint, are in New York, New York.

Next, this court must weigh several factors in order to evaluate whether this court should exercise its discretion to transfer a case to another court. These factors are: (1) the place where the operative facts occurred, (2) the convenience to parties, (3) the convenience of witnesses, (4) the relative ease of access to sources of proof, (5) the availability of process to compel attendance of unwilling witnesses, (6) the plaintiff's choice of forum, (7) the forum's familiarity with the governing law, and (8) trial efficiency and the interests of justice. <u>See Stewart Org., Inc.</u>, 487 U.S. at 29-32. The existence of a forum selection clause

---

along with any newly added claims that they might have, in the United States District Court for the Southern District of New York. However, the court concludes this alternative could result only in piecemeal litigation.

is a "significant," but not dispositive, factor. Id at 29.

In this case, the plaintiffs argue that the above factors strongly weigh in favor of this court retaining the case. The court disagrees. After applying these factors to the case at hand, the court concludes that transfer to the United States District Court for the Southern District of New York is proper. As stated above, the burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute. In re Ricoh Corp., 870 F.2d at 573. The court concludes that the plaintiffs have failed to show that the United States District Court for the Southern District of New York would be inconvenient to the parties. In fact, the court notes that many of the factors affecting transfer are neutral and several other factors strongly favor a New York court as the proper venue for this suit. First, litigation in either court, i.e., the United States District Court for the Southern District of New York or this court, is not unduly burdensome to any of the parties in an age of internet and non-stop airline flights. Second, the witnesses are equally split between New York and Georgia. Therefore, the convenience of the witnesses is also neutral. Third, the factors relating to access of proof and availability of process are matters which provide no advantage to either party. Additionally, the interests of justice factor is neutral--the evidence submitted by the plaintiffs detailing the breakdown of case loads in this district and the Southern District of New York fails to support a finding that one federal district court is more available to adjudicate this case than another.

11

In contrast, three factors weigh heavily in favor of transfer. First, many of the operative facts of this case occurred in New York. Second, although a plaintiff's choice of forum would normally be given deference, once a forum selection clause is determined to be valid, as is the case in this matter, the plaintiff bears the burden of showing why the contractual provision should not be enforced. As discussed above, the plaintiffs have failed to make such a showing. Third, the Publisher Agreement also contains a choice of law provision which provides that New York law is to govern the contract. The presence of this provision also favors transfer.

In conclusion while some factors in the 29 U.S.C. § 1404(a) analysis do not change the balance significantly, the court concludes that the plaintiffs have failed to demonstrate either "exceptional circumstances" that would require relief from their contractual burden or that the § 1404(a) factors favor retention of the case. Therefore, the forum selection clause provision in the Publisher's Agreement should control. Consequently, the court's consideration of the § 1404(a) factors lead the court to conclude that justice would be best served if the Advance Publications' motion to transfer is granted.

Having found above that the forum selection clause was broad enough to include Counts II and III of the plaintiffs' Complaint, the court finds that it is also within its discretion pursuant to 28 U.S.C. § 1404(a) to transfer all of the claims against all defendants to the United States District Court for the Southern District of New York in order to avoid piecemeal litigation as well

as to conserve judicial resources.

### III. Conclusion

For the reasons set forth above, defendant RichFX's motion to transfer the case to the United States District Court for the Southern District of New York [Doc. No. 17] is hereby GRANTED. Having resolved the matter without the need for a hearing, defendant RichFX's motion for a hearing [Doc. No. 18] is DISMISSED as moot.

Next, Advance Publications' motion to dismiss or, in the alternative to transfer, is DENIED in part and GRANTED in part [Doc. No. 19]. Specifically, the court DENIES Advance Publications' motion to dismiss pursuant to Rule 12(b)(3), and the court GRANTS Advance Publications' motion to transfer this suit to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Additionally, the court DISMISSES as moot defendant RichFX's motion to stay discovery and "Local Rule Disclosures" [Doc. No. 36.] The court does not rule on the plaintiffs' motion for leave to amend their complaint [Doc. No. 25] but leaves resolution of that motion to the New York Court.

The Clerk of the Court is directed to transfer this case to the United States District Court for the Southern District of New York.

SO ORDERED, this 20TH day of October, 2005.

ROBERT L. VINING, JR.
Senior United States District Judge

13