Randy Lipsitz, Esq. (RL-1526)
Richard L. Moss, Esq. (RLM-7948)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Plaintiff,
ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDÉ NAST PUBLICATIONS

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

––––––––––––––––––––––––––––––––––––– x

ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDÉ NAST PUBLICATIONS,

             Plaintiff,

         v.

ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC,

             Defendants.

––––––––––––––––––––––––––––––––––––– x

CIVIL ACTION NO.:

05-CV-7516 (KMK)

**PLAINTIFF'S REPLY, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO DEFENDANTS' COUNTERCLAIMS**

As and for its Reply, Affirmative Defenses and Counterclaims to Defendants' Counterclaims as set forth in Defendants' Answer to Amended Complaint and Counterclaims, Plaintiff ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE CONDÉ NAST PUBLICATIONS ("Condé Nast") alleges as follows:

**REPLY**

1.  Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Counterclaims, and therefore denies them.

1

KL3:2480904.2

2. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Counterclaims, and therefore denies them.

3. Condé Nast admits the allegations of paragraph 3 of the Counterclaims.

4. Condé Nast admits the allegations of paragraph 4 of the Counterclaims.

5. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Counterclaims concerning RichFX, Inc. ("RichFX" -- whose designation in this action will be determined upon the consolidation with this action of the transferred Georgia action), and therefore denies them.

6. Replying to the allegations of paragraph 6 of the Counterclaims, Condé Nast admits that Defendants have filed Counterclaims asserting subject matter jurisdiction pursuant to §§1331, 1338 and 1367, 35 U.S.C. §271 *et seq.*, the provisions of the trademark laws of the United States of America, 35 U.S.C. §1125(a), and under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, but otherwise, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

7. Replying to the allegations of paragraph 7 of the Counterclaims, Condé Nast admits that Defendants assert that venue is proper in this Court for purposes of Defendants' Counterclaims pursuant to 28 U.S.C. §§1391(b) and (c), but otherwise, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

8. Condé Nast admits the allegations of paragraph 8 of the Counterclaims.

9. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Counterclaims, and therefore denies them.

10. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Counterclaims, and therefore denies them, except admits that U.S. Patent No. 6,535,889 issued on March 18, 2003.

11. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Counterclaims, and therefore denies them, except admits that U.S. Patent No. 6,557,006 issued on April 29, 2003.

12. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Counterclaims, and therefore denies them.

13. Replying to the allegations of paragraph 13 of the Counterclaims, Condé Nast admits that, in or about Spring 2004, it commenced discussions and negotiations with Active8media for the purpose of engaging Active8media to develop interactive versions of selected advertisements to appear in the September 2004 issue of Vogue Magazine.  Except as so specifically admitted, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Counterclaims, and therefore denies them.

14. Condé Nast admits the allegations of paragraph 14 of the Counterclaims.

15. Replying to the allegations of paragraph 15 of the Counterclaims, Condé Nast states that the Vogue Agreement speaks for itself, and otherwise denies the allegations of this paragraph.

16. Replying to the allegations of paragraph 16 of the Counterclaims, Condé Nast states that the Vogue Agreement speaks for itself, admits that Active8media granted licenses to Condé Nast for the '889 and '006 patents, among other things, and otherwise denies the allegations of this paragraph.

17. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Counterclaims, and therefore denies them.

18. Due to mischaracterizations set forth in paragraph 18 of the Counterclaims, Condé Nast denies the allegations of this paragraph, except admits that Condé Nast executed the Vogue Agreement.

19. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Counterclaims, and therefore denies them.

20. Due to mischaracterizations set forth in paragraph 20 of the Counterclaims, Condé Nast denies the allegations of this paragraph.

21. Replying to the allegations of paragraph 21 of the Counterclaims, Condé Nast admits that the website was first available to the public in or about August, 2004.

22. Due to mischaracterizations set forth in paragraph 22 of the Counterclaims, Condé Nast denies the allegations of this paragraph.

23. Condé Nast denies the allegations of paragraph 23 of the Counterclaims.

24. Replying to the allegations of paragraph 24 of the Counterclaims, Condé Nast admits that the website remained available to the public until about October or November, 2004.

25. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Counterclaims, and therefore denies them.

26. Condé Nast denies the allegations of paragraph 26 of the Counterclaims, except admits that Condé Nast fully performed its own obligations under the Vogue Agreement.

27. Condé Nast denies the allegations of paragraph 27 of the Counterclaims.

28. Condé Nast denies the allegations of paragraph 28 of the Counterclaims.

29. Condé Nast denies the allegations of paragraph 29 of the Counterclaims.

30. Condé Nast denies the allegations of paragraph 30 of the Counterclaims, except admits that Condé Nast fully performed its own obligations under the Vogue Agreement.

31. Replying to the allegations of paragraph 31 of the Counterclaims, Condé Nast admits that it had discussions with Active8media regarding the March 2005 issue of Vogue Magazine, but otherwise denies the allegations of this paragraph.

32. Due to mischaracterizations set forth in paragraph 32 of the Counterclaims, Condé Nast denies the allegations of this paragraph.

33. With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 33 of the Counterclaims.

34. With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 34 of the Counterclaims.

35. With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 35 of the Counterclaims.

36. With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 36 of the Counterclaims.

KL3:2480904.2

37. With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 37 of the Counterclaims.

38. With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 38 of the Counterclaims.

39. Replying to the allegations of paragraph 39 of the Counterclaims, Condé Nast admits that it ceased negotiations with Active8media for the March 2005 issue of Vogue Magazine and engaged RichFX for that issue, but otherwise denies the allegations of this paragraph.

40. Due to mischaracterizations set forth in paragraph 40 of the Counterclaims, Condé Nast denies the allegations of this paragraph.

41. With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 41 of the Counterclaims.

42. With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 42 of the Counterclaims.

43. With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Counterclaims, and therefore denies them. With respect to Condé Nast, due to mischaracterizations set forth in paragraph 43 of the Counterclaims, Condé Nast denies the allegations of this paragraph.

44. Condé Nast denies the allegations of paragraph 44 of the Counterclaims.

45. Condé Nast denies the allegations of paragraph 45 of the Counterclaims.

46. Condé Nast denies the allegations of paragraph 46 of the Counterclaims.

47. Condé Nast denies the allegations of paragraph 47 of the Counterclaims.

48. Condé Nast denies the allegations of paragraph 48 of the Counterclaims.

49. Condé Nast denies the allegations of paragraph 49 of the Counterclaims.

50. Condé Nast denies the allegations of paragraph 50 of the Counterclaims.

51. Condé Nast denies the allegations of paragraph 51 of the Counterclaims.

52. Replying to the allegations of paragraph 52 of the Counterclaims, Condé Nast admits that it entered into the House & Garden Agreement with Active8media in or about March, 2005 for the June, 2005 issue of House & Garden Magazine. As to the remaining allegations of paragraph 52 of the Counterclaims, Condé Nast states that the House & Garden Agreement speaks for itself, and otherwise denies the allegations of this paragraph.

53. Condé Nast states that the House & Garden Agreement speaks for itself, and otherwise denies the allegations of paragraph 53 of the Counterclaims.

54. Replying to the allegations of paragraph 54 of the Counterclaims, Condé Nast admits that a copy of a sample web screen shot for the House & Garden magazine website is attached as Exhibit A to Defendants' Answer to Amended Complaint and Counterclaims,

otherwise Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

55. Condé Nast denies the allegations of paragraph 55 of the Counterclaims, except admits that Active8media fraudulently filed a trademark application under Serial No. 78/664,682 in its own name with the United States Patent and Trademark Office for Plaintiff's "Love Learn Locate" trademark.

## Count I

56. With respect to paragraph 56 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 55 of the Counterclaims as though fully set forth herein.

57. Condé Nast denies the allegations of paragraph 57 of the Counterclaims.

58. Condé Nast denies the allegations of paragraph 58 of the Counterclaims.

59. Condé Nast denies the allegations of paragraph 59 of the Counterclaims.

60. Condé Nast denies the allegations of paragraph 60 of the Counterclaims.

## Count II

61. With respect to paragraph 61 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 60 of the Counterclaims as though fully set forth herein.

62. Condé Nast denies the allegations of paragraph 62 of the Counterclaims.

63. Condé Nast denies the allegations of paragraph 63 of the Counterclaims.

64. Condé Nast denies the allegations of paragraph 64 of the Counterclaims.

65. Condé Nast denies the allegations of paragraph 65 of the Counterclaims.

## Count III

66. With respect to paragraph 66 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 65 of the Counterclaims as though fully set forth herein.

67. Condé Nast denies the allegations of paragraph 67 of the Counterclaims.

68. Condé Nast denies the allegations of paragraph 68 of the Counterclaims.

69. Condé Nast denies the allegations of paragraph 69 of the Counterclaims.

70. Condé Nast denies the allegations of paragraph 70 of the Counterclaims.

## Count IV

71. With respect to paragraph 71 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 70 of the Counterclaims as though fully set forth herein.

72. Condé Nast denies the allegations of paragraph 72 of the Counterclaims.

73. Condé Nast denies the allegations of paragraph 73 of the Counterclaims.

74. Condé Nast denies the allegations of paragraph 74 of the Counterclaims.

## Count V

75. With respect to paragraph 75 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 74 of the Counterclaims.

76. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Counterclaims, and therefore denies them.

77. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Counterclaims, and therefore denies them.

78. Condé Nast denies the allegations of paragraph 78 of the Counterclaims.

79. Condé Nast denies the allegations of paragraph 79 of the Counterclaims.

80. Condé Nast denies the allegations of paragraph 80 of the Counterclaims.

81. Condé Nast denies the allegations of paragraph 81 of the Counterclaims.

82. Condé Nast denies the allegations of paragraph 82 of the Counterclaims.

83. Condé Nast denies the allegations of paragraph 83 of the Counterclaims.

84. Condé Nast denies the allegations of paragraph 84 of the Counterclaims.

## **Count VI**

85. With respect to paragraph 85 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 84 of the Counterclaims as though fully set forth herein.

86. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Counterclaims, and therefore denies them.

87. Condé Nast denies the allegations of paragraph 87 of the Counterclaims.

88. Condé Nast denies the allegations of paragraph 88 of the Counterclaims.

89. Condé Nast denies the allegations of paragraph 89 of the Counterclaims.

## **Count VII**

90. With respect to paragraph 90 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 89 of the Counterclaims as though fully set forth herein.

91. Condé Nast denies the allegations of paragraph 91 of the Counterclaims.

92. Condé Nast denies the allegations of paragraph 92 of the Counterclaims.

## Count VIII

93. With respect to paragraph 93 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 92 of the Counterclaims as though fully set forth herein.

94. Condé Nast denies the allegations of paragraph 94 of the Counterclaims.

95. Condé Nast denies the allegations of paragraph 95 of the Counterclaims.

## Count IX

96. With respect to paragraph 96 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 95 of the Counterclaims as though fully set forth herein.

97. Condé Nast denies the allegations of paragraph 97 of the Counterclaims.

98. Condé Nast denies the allegations of paragraph 98 of the Counterclaims.

## Count X

99. With respect to paragraph 99 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 98 of the Counterclaims as though fully set forth herein.

100. Condé Nast denies the allegations of paragraph 100 of the Counterclaims.

101. Condé Nast denies the allegations of paragraph 101 of the Counterclaims.

## Count XI

102. With respect to paragraph 102 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 101 of the Counterclaims as though fully set forth herein.

103. Condé Nast denies the allegations of paragraph 103 of the Counterclaims.

11

KL3:2480904.2

104. Condé Nast denies the allegations of paragraph 104 of the Counterclaims.

## Count XVI

105. With respect to paragraph 105 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 104 of the Counterclaims as though fully set forth herein.

106. Condé Nast denies the allegations of paragraph 106 of the Counterclaims.

107. Condé Nast denies the allegations of paragraph 107 of the Counterclaims.

108. Condé Nast denies the allegations of paragraph 108 of the Counterclaims.

109. Condé Nast denies the allegations of paragraph 109 of the Counterclaims.

## Count XVII

110. With respect to paragraph 110 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 109 of the Counterclaims as though fully set forth herein.

111. Condé Nast denies the allegations of paragraph 111 of the Counterclaims.

112. Condé Nast denies the allegations of paragraph 112 of the Counterclaims.

## Count XVIII

113. With respect to paragraph 113 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 112 of the Counterclaims as though fully set forth herein.

114. Condé Nast denies the allegations of paragraph 114 of the Counterclaims.

115. Condé Nast denies the allegations of paragraph 115 of the Counterclaims.

## Count XIX

116. With respect to paragraph 116 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 115 of the Counterclaims as though fully set forth herein.

117. Condé Nast denies the allegations of paragraph 117 of the Counterclaims.

118. Condé Nast denies the allegations of paragraph 118 of the Counterclaims.

119. Condé Nast denies the allegations of paragraph 119 of the Counterclaims.

## Count XX

120. With respect to paragraph 120 of the Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 118 of the Counterclaims as though fully set forth herein.

121. Condé Nast denies the allegations of paragraph 121 of the Counterclaims.

122. Condé Nast denies the allegations of paragraph 122 of the Counterclaims.

## GENERAL DENIAL

123. Condé Nast denies each and every allegation, prayer, matter, fact or thing averred in Defendants' Counterclaims not expressly admitted or otherwise responded to herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

124.    Defendants' Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted, and therefore should be dismissed.

### Second Affirmative Defense

125.    Defendants' Counterclaims based on state law and statutes, in whole or in part, are preempted by federal law and should be dismissed.

### Third Affirmative Defense

126.    Defendants' Counterclaims based on Georgia state law and statutes, in whole or in part, are inapposite under a New York conflicts of law analysis, and therefore should be dismissed.

### Fourth Affirmative Defense

127.    U.S. Patent Nos. 6,535,889 and 6,557,006 (collectively, "Asserted Patents") are invalid and/or unenforceable under U.S. Patent Law and/or based on one or more of the requirements set forth in Title 35, United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

### Fifth Affirmative Defense

128.    Condé Nast has not directly or indirectly infringed the Asserted Patents, whether literally, under the Doctrine of Equivalents, contributorily, by inducement or otherwise.

### Sixth Affirmative Defense

129.    Condé Nast has subsisting license rights to the Asserted Patents and Defendants' technology.

### Seventh Affirmative Defense

130.   There is no basis in law or fact that a likelihood of confusion as to source or origin is presented concerning any offer by Condé Nast to advertisers made after engaging RichFX of the capability to convert catalog pages and magazine pages into interactive web pages, as alleged in Defendants' Counterclaims.

### Eighth Affirmative Defense

131.   Activ8media's fraudulent registration of the "Love, Learn, Locate" trademark with the U.S. Patent and Trademark Office and unclean hands act as bars to any relief sought by Defendants in Defendants' Counterclaims.

### Ninth Affirmative Defense

132.   There is no basis in law or fact for awarding Defendants increased, exemplary, punitive damages or attorney's fees or costs.

### CONDÉ NAST COUNTERCLAIMS

Plaintiff Condé Nast asserts the following counterclaims for declaratory judgment against Defendants based on the patent causes of action asserted by Defendants in their Counterclaims:

### First Condé Nast Counterclaim

133.   An actual and justiciable controversy exists between the parties as to the validity and infringement of the Asserted Patents based on Defendants' assertion of the Asserted Patents against Condé Nast. Jurisdiction and venue are proper in this Court.

134. Upon information and belief the Asserted Patents are invalid and/or unenforceable under U.S. Patent Law and/or based on one or more of the requirements set forth in Title 35, United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

135. Condé Nast has not, at any time, infringed the Asserted Patents in any manner.

136. Plaintiff Condé Nast is entitled to a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that the Asserted Patents are invalid and/or unenforceable and not infringed by Condé Nast.

**WHEREFORE**, Plaintiff Condé Nast prays for the following relief:

A. a declaration that the Asserted Patents are invalid and/or unenforceable;

B. a declaration that Condé Nast has not infringed the Asserted Patents;

C. an award of attorney fees, costs and disbursements incurred by Condé Nast in defending against Defendants' assertion of the Asserted Patents and in protecting its rights in the present action; and

D. an award of such other and further relief as may to the Court seem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff Condé Nast hereby demands trial by jury of its Counterclaims in this action.

Dated: December 6, 2005
New York, New York

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Attorneys for Plaintiff
  Advance Magazine Publishers Inc.
    d/b/a The Condé Nast Publications
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000


/s/: Randy Lipsitz

  Randy Lipsitz, Esq. (RL-1526)
  Richard L. Moss, Esq. (RLM-7948)

OF COUNSEL:

Jerry S. Birenz, Esq.
Michael J. Anderson, Esq.
SABIN, BERMANT & GOULD LLP
4 Times Square, 23rd Floor
New York, NY  10036-6526
Tel.: (212) 381-7000