UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:
```

ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDÉ NAST PUBLICATIONS,

           Plaintiff,

v.

ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC,

           Defendants.

CIVIL ACTION NO.:

05-CV-7516 (KMK)

[~~PROPOSED~~] CASE MANAGEMENT PLAN AND SCHEDULING ORDER

     At the conference before the Court held on [_____ or by order of the Court], this Case Management Plan and Scheduling Order was adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure.

1.     The parties do not consent to trial by Magistrate Judge pursuant to 28 U.S.C. §636(c).

2.     This case is to be tried to a jury.

3.     ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC (collectively, the "Active8 Parties") shall serve their answer to the complaint no later than **November 16, 2005**.

4.     Close of pleadings: **December 15, 2005**. No additional parties may be joined thereafter except with leave of the Court. Amended pleadings may not be filed thereafter except with leave of the Court.

5.     Initial Disclosures pursuant to Rule 26(a)(1), Fed.R.Civ.P., will be completed no later than **January 9, 2006**.

6.     All *fact* discovery is to be completed no later than **September 29, 2006**.

7.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the fact discovery completion date in paragraph 6 above:

    a.    The Active8 Parties shall identify in writing and with specificity their trade secrets alleged to be misappropriated no later than **January 16, 2006**. Such identification of trade secrets shall be treated as Highly Confidential – Attorneys' Eyes Only Protected Information pursuant to the Stipulated Protective Order in this action.

    b.    Initial requests for production of documents are to be served on or after **January 16, 2006**.

    c.    Initial interrogatories are to be served on or after **January 16, 2006**.

    d.    Depositions are to be completed by **September 29, 2006**.

        i.    Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority in depositions by reason of a party's status as plaintiff or defendant.

        iii.    Unless the parties agree or the Court so orders, [select one of the following]:

        ~~(a) non-party depositions shall follow initial party depositions.~~

        (b) non-party depositions may commence concurrently with initial party depositions, *but relief must be obtained from the Court to exceed the 10-deposition limit.*

    e.    Requests to Admit are to be served on or after **January 16, 2006**, but no later than **September 15, 2006**.

8.    Commencement of *expert* discovery: **August 17, 2006**; all *expert* disclosures, including reports, production of underlying documents and depositions are to be completed by **October 18, 2006**:

    a.    Initial expert reports: **September 6, 2006**.

    b.    Rebuttal expert reports: **September 27, 2006**.

9.    Patent Claim Construction Issue Identification: The parties shall exchange lists of those patent claim terms that they believe require construction by the Court and their proposed claim construction of such terms by **March 6, 2006**. The parties shall submit a Joint Claim Construction Statement to the Court no later than **April 3, 2006**. *The Court will then schedule a Markman Hearing.*

10.    Markman Hearing: [by order of the Court] [mid-way through *fact* discovery period – i.e., sometime in May]. The parties shall not commence discovery on issues of alleged willful patent infringement based solely on privileged communications or attorney work product until thirty (30) days following the Court's Markman Ruling.

~~11.~~    ~~Motions: All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.~~ Summary Judgment or

other dispositive motions are due within one (1) month of the close of ~~expert~~ discovery. Pursuant to the undersigned's Individual Practices, ~~the parties~~ shall request a pre-motion conference in writing at least ~~four (4)~~ weeks prior to this deadline.

12. All counsel must meet for at least one (1) hour to discuss settlement not later than two (2) weeks following the close of *fact* discovery.

13.     a. Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.

    b. The parties do not request a settlement conference before a Magistrate Judge.

14.     a. Counsel for the parties have discussed the use of the Court's Mediation Program.

    b. The parties do not request that the case be referred to the Court's Mediation Program.

15.     a. Counsel for the parties have discussed the use of a privately-retained mediator.

    b. The parties do not intend to use a privately-retained mediator.

16. Within thirty (30) days following completion of all discovery, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed.R.Civ.P. Proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on jury instructions and the verdict form in an effort to make an agreed upon submission.

17. The parties have conferred and their present best estimate of the length of the trial is two (2) weeks.

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

**TO BE COMPLETED BY THE COURT:**

18. [Other directions to the parties:]

19. The (next Case Management) (Final Pretrial) Conference is scheduled for [by order of the Court]. November 3, 2006 at 10 AM.

SO ORDERED

DATED:     New York, New York
                ~~November~~ ___, 2005
                December 5,

                                                        _____
                                                           KENNETH M. KARAS
                                                      UNITED STATES DISTRICT JUDGE

KL3 2475622.3