Paul R. Niehaus, Esq. (PN-3994)
NIEHAUS LLP
220 East 54th Street, 3K
New York, New York 10022
(917) 882-7178

Dale Lischer, Esq. (DL-9708)
T. Hunter Jefferson, Esq. (TJ-8693)
Deborah A. Heineman, Esq. (DH-5681)
SMITH, GAMBRELL & RUSSELL, LLP
Promenade II, Suite 3100
1230 Peachtree St., N.E.
Atlanta, Georgia  30309
(404) 815-3500

Attorneys for Defendants Activ8now, LLC
and Active8media, LLC


**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
_____x

| | | |
|---|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE CONDÉ NAST PUBLICATIONS, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: 1:05-cv-07516-(KMK)(DFE) ELECTRONICALLY FILED |
| v. | : : | REPLY TO RICHFX, INC.'S |
| ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC, | : : : | COUNTERCLAIMS |
| Defendants, Counterclaimants Activ8now and Active8media, | : : : : | |
| v. | : : | |
| ADVANCE PUBLICATIONS, INC. and RICHFX, INC., | : : : | |
| Third Party Defendants. | : | |

_____x

**ACTIV8NOW, LLC AND ACTIVE8MEDIA, LLC'S REPLY TO RICHFX, INC.'S COUNTERCLAIMS**

COME NOW Plaintiffs Activ8now, LLC (Activ8now) and Active8media, LLC ("Active8media") and reply to RichFX, Inc.'s ("RichFX's") Counterclaims as follows:

**RICHFX'S COUNTERCLAIMS**

129. Activ8now and Active8media admit that RichFX seeks a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § § 2201 and 2202, that the Asserted Patents are invalid and have not been infringed by RichFX. Except as thus admitted, the averments of Paragraph 129 are denied, and Activ8now and Active8media specifically deny that the Asserted Patents are invalid and have not been infringed by RichFX.

130. Activ8now and Active8media admit that this Court has subject matter jurisdiction over RichFX's claims of invalidity and non-infringement pursuant to 28 U.S.C. § § 1331 and 1338. Except as thus admitted, the averments of Paragraph 130 are denied and Activ8now and Active8media specifically deny that RichFX is entitled to declaratory relief.

131. Denied.

132. Denied.

**COUNT I**

133. Activ8now and Active8media incorporate by reference their responses to Paragraphs 129 through 132 as if fully set forth herein.

134. Admitted.

135. Activ8now and Active8media admit that by virtue of Activ8now and Active8media's filing of their Complaint, there exists an actual controversy as to the validity and infringement of U.S. Patent No. 6,535,889. Except as thus admitted, the averments of Paragraph

135 are denied and Activ8now and Active8media specifically deny that U.S. Patent No. 6,535,889 is invalid and that it has not been infringed by RichFX.

136. Denied.

137. Denied.

## COUNT II

138. Activ8now and Active8media incorporate by reference their responses to Paragraphs 129 through 137 as if fully set forth herein.

139. Admitted.

140. Activ8now and Active8media admit that by virtue of Activ8now and Active8media's filing of their Complaint, there exists an actual controversy as to the validity and infringement of U.S. Patent No. 6,557,006. Except as thus admitted, the averments of Paragraph 140 are denied and Activ8now and Active8media specifically deny that U.S. Patent No. 6,557,006 is invalid and that it has not been infringed by RichFX.

141. Denied.

142. Denied.

WHEREFORE, Activ8now and Active8media pray as follows:

   A. That judgment on RichFX's Counterclaims be rendered for Activ8now and Active8media and against RichFX;

   B. That judgment be entered in favor of Activ8now and Active8media and against Plaintiff Advance Magazine Publishers Inc. d/b/a/ The Condé Nast Publications ("Condé Nast") and the Counterclaim Defendants Advance and RichFX, Inc. (collectively the "Counterclaim Defendants") on Activ8now and Active8media's Counterclaims;

C. That Activ8now and Active8media receive a trial by jury on all issues triable to a jury;

D. An award of damages in an amount to be proven at trial;

E. An award of treble damages pursuant to 35 U.S.C. § 284;

F. An award of Activ8now's and Active8media's attorney fees pursuant to 35 U.S.C. § 285;

G. An award of exemplary damages pursuant to O.C.G.A. § 10-1-763(b);

H. An award of Activ8now's and Active8media's attorney fees in accordance with O.C.G.A. § 10-1-764;

I. A constructive trust on the various assets of Plaintiff and the Counterclaim Defendants;

J. An equitable lien on the various assets of Plaintiff and the Counterclaim Defendants;

K. Restitution from Plaintiff and the Counterclaim Defendants in an amount to be proven at trial;

L. A full and complete accounting of Plaintiff and the Counterclaim Defendants;

M. A temporary, interlocutory, and permanent injunction to stop the various tortious and illegal acts of Plaintiff and the Counterclaim Defendants;

N. A temporary, interlocutory, and permanent injunction to enjoin Plaintiff and the Counterclaim Defendants from further acts of patent infringement in accordance with 35 U.S.C. § 283;

O. A temporary, interlocutory, and permanent injunction to enjoin Plaintiff and the Counterclaim Defendants from further disclosing, divulging or publishing to

LIT\935381.1

others or using in any manner Activ8now and Active8media's trade secrets and from further violating the Georgia Trade Secrets Act in accordance with O.C.G.A. § 10-1-762(a);

P. A temporary, interlocutory, and permanent injunction requiring Plaintiff and the Counterclaim Defendants to pay a reasonable royalty for any future use of Activ8now's and Active8media's trade secrets if the Court should determine that it would be unreasonable to prohibit future use pursuant to O.C.G.A. § 10-1-762(b);

Q. A temporary, interlocutory, and permanent injunction requiring Plaintiff and the Counterclaim Defendants to protect Activ8now's and Active8media's trade secrets pursuant to O.C.G.A. § 10-1-762(c);

R. A declaration that neither Activ8now nor Active8media have engaged in trademark infringement;

S. A declaration that neither Activ8now nor Active8media have unfairly competed with Plaintiff;

T. An award of punitive damages in accordance with O.C.G.A. § 51-12-5.1 in an amount to be proven at trial;

U. An award of Activ8now's and Active8media's attorney fees and cost of investigation and litigation in accordance with O.C.G.A. § 13-6-11 in an amount to be proven at trial;

V. An award of Activ8now's and Active8media's attorney fees and cost of investigation and litigation;

W. An award of pre-judgment and post-judgment interest; and

X.      Any and all other relief which the Court deems just and proper.

This 20th day of January, 2006.

                                                          <u>s/ Paul R. Niehaus</u>
Paul R. Niehaus (PN-3994)
NIEHAUS LLP
220 East 54th Street, 3K
New York, New York 10022
(917) 882-7178

Dale Lischer (DL-9708)
T. Hunter Jefferson (TJ-8693)
Deborah A. Heineman (DH-5681)
SMITH, GAMBRELL & RUSSELL, LLP
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
404.815.3500
404.815.3509 (Facsimile)

Attorneys for Activ8now, LLC and
Active8media, LLC

6

LIT\935381.1

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the within and foregoing Reply to RichFX, Inc.'s Counterclaims with the Clerk of the Court using the CM/ECF system which will send electronic notice of such filing to:

Randy Lipsitz, Esq. (RL-1526)
Richard L. Moss, Esq. (RLM-7948)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036

Robert Eliot Hanlon
ALSTON & BIRD, LLP
90 Park Avenue
New York, New York  10016

This 20th day of January, 2006.

s/ Paul R. Niehaus
Paul R. Niehaus