Frank G. Smith, III
George D. Medlock, Jr.
Alston & Bird LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000
(404) 881-7777  (Facsimile)

Robert Eliot Hanlon
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016
(212) 210-9410
(212) 210-9444  (Facsimile)

Counsel for RichFX, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE CONDÉ NAST PUBLICATIONS, | |
| Plaintiff, | CIVIL ACTION NO.: 1:05-cv-07516-(KMK)(DFE) |
| v. | |
| ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC, | |
| Defendants, Counterclaimants Activ8now and Active8media, | |
| v. | |
| ADVANCE PUBLICATIONS, INC. and RICHFX, INC., | |
| Third Party Defendants. | |

**RICHFX, INC.'S SUR-REPLY BRIEF RE: CLAIM CONSTRUCTION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

TABLE OF ABBREVIATIONS ............................................................................................ iv

I.    INTRODUCTION ........................................................................................................ 1

II.    BOTH A STAND-ALONE APPLICATION PROGRAM AND A WWW (INTERNET) EMBODIMENT ARE DISCLOSED AND CLAIMED .................... 1

III.    THE PROPER CONSTRUCTION OF DISPUTED TERMS ................................. 4

    A.    Unique Identification Tag. (Disputed Claim Term 3) .................................. 4

        1.    Activ8 Misstates RichFX's Position Regarding "Unique Identification Tag." ................................................................... 4

        2.    Activ8's Case Law Citations Prove That Courts May Separately Construe Words, within a Disputed Term, to Determine the Meaning of the Entire Disputed Term. ..................................... 5

        3.    Activ8's New Position Conflicts With Its Claim Construction Position Regarding the Term "Multimedia Object." ............... 6

        4.    Activ8's Citations to the Specification Support RichFX's Construction. ................................................................................ 7

        5.    Activ8 Erroneously Dismisses A Prior Judicial Decision Construing the Plain And Ordinary Meaning of the Term "Unique Identification." ............................................................. 7

        6.    Activ8's Argument that A "Unique Identification Tag" Can Be A Trademark Is Nonsensical. ........................................................ 8

    B.    Activ8's Proposed Constructions for Unique Identification Tag (Disputed Claim Term 3) and Conventional Static Media Object (Disputed Claim Term 1) Are Inconsistent With the Prosecution Histories. ........................................ 8

    C.    Multimedia Object. (Disputed Claim Term 5) ............................................. 9

    D.    Remaining Claim Terms In Dispute .......................................................... 10

IV. "A" OR "AN" ARE LIMITED TO THE SINGULAR BASED ON THE INTRINSIC RECORD ......................................................................................... 10

V. CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*AT&T Corp. v. Microsoft Corp.*, 2003 WL 21459573 (S.D.N.Y. June 24, 2003) ............. 5

*Biovail Laboratories International SRL v. Impax Laboratories*, 2006 WL 1450532 (E.D. Pa. 2006) ................................................................................................................ 6

*Chef Am., Inc., v. Lamb-Weston, Inc.*, 358 F.3d 1371 (Fed. Cir. 2004) ....................... 1, 3

*Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973 (Fed. Cir. 1999).................................. 10

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, No. C-98-20419JF, 1999 WL 33493606 (N.D. Cal. Oct. 26, 1999)........................................................................ 7

*Laitram Corp. v. Morehouse Indus., Inc.,* 143 F.3d 1456 (Fed. Cir. 1998)...................... 9

*Rheox, Inc. v. Entact, Inc.*, 276 F.3d 1319 (Fed. Cir. 2002) ............................................. 8

*Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304 (Fed. Cir. 2002)............................. 9

*Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570 (Fed. Cir. 1995) ...................... 9

*Vanderlande Indus. Nederland BV v. International Trade Comm'n*, 366 F.3d 1311 (Fed. Cir. 2004) ............................................................................................................. 6

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997) ........................... 4

*ZMI Corp. v. Cardiac Resuscitator Corp.*, 844 F.2d 1576 (Fed. Cir. 1988) .................... 5

## TABLE OF ABBREVIATIONS

The following abbreviations are used in this Brief to refer to the materials identified in this Table:

| ABBREVIATION | FULL TITLE |
|---|---|
| '006 patent | United States Patent No. 6,557,006 |
| '889 patent | United States Patent No. 6,535,889 |
| Activ8's Initial Brief | Activ8now, LLC and Active8media, LLC's Brief On Markman Claim Construction |
| Activ8's Infringement Contentions | Activ8now, LLC and Active8media, LLC's Disclosure of Asserted Patents and Infringement Contentions |
| Activ8's Reply Brief | Activ8now, LLC and Active8media, LLC's Reply to Advance Magazine Publishers d/b/a The Condé Nast Publications, Advance Publications, Inc.'s and RichFX, Inc.'s Claim Construction Briefs |
| Advance | Advance Magazine Publishers, Inc., d/b/a The Condé Nast Publications, and Advance Publications, Inc. |
| PTO | U. S. Patent and Trademark Office |
| RichFX | RichFX, Inc. |
| RichFX's Initial Brief | RichFX, Inc.'s Opening Claim Construction Brief |
| www | World Wide Web |

## I.   INTRODUCTION

Contrary to fundamental claim construction principles, Activ8 requests that this Court provide claims constructions in this litigation that Activ8 could not obtain -- and, indeed, forswore -- during prosecution. Activ8's proposed constructions of the disputed claims also omit limitations in the claims and misapply – or ignore – the specifications of the patents.

## II.   BOTH A STAND-ALONE APPLICATION PROGRAM AND A WWW (INTERNET) EMBODIMENT ARE DISCLOSED AND CLAIMED

It defies credibility for Activ8 to assert that its claimed "invention" is limited to the www (Internet) embodiment. According to the specification, Activ8 represented that "those skilled in the art will recognize that the present invention may be implemented in a **stand-alone or** in a **distributed computing environment**." ('006 patent, col. 4, ll. 12-14, '889 patent, col. 5, ll. 5-10) (emphasis added). Further, Activ8 asserted that "**[e]xamples** of such **distributed computing environments** include local area networks **and** the **Internet**." ('006 patent, col. 5, ll. 19-20, '889 patent, col. 5, ll. 15-16) (emphasis added).[1]

Ignoring this language in the specification, Activ8 argues in its Reply Brief that the term "stand-alone" means that "a browser like Internet Explorer, may either be located on a stand-alone computer or may be spread out among many computers for running the browser." (Activ8's Reply Brief, p. 4). Under this construction, Activ8

---

[1] The "www" limitation that Activ8 requests from this Court does not appear in any of the claims. If the "www" embodiment was as important as Activ8 asserts, it would have been an easy matter for Activ8 to simply insert the limitation into the claims during prosecution. Since Activ8 did not limit itself to the www limitation during prosecution, it may not request such a limitation in litigation. *Chef Am., Inc., v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004) (noting that "in accord with our settled practice we construe the claim as written, not as the patentees wish they had written it.")

concludes that only the www embodiment was disclosed, since Internet Explorer operates within the www. However, this argument contradicts the description of "a stand-alone computing environment" in the patent specification.

In support of its construction of "stand-alone," Activ8 relies on the disclosure in the specification related to Fig. 1. As noted in Activ8's Reply Brief, Fig.1 in the patents shows a personal computer (100) that utilizes a web browser (112). ('006 patent, Fig. 1, col. 5, 11. 10-42; '889 patent, Fig. 1, col. 6, ll, 5-36). Activ8 claims this proves that "stand-alone" means "a browser like Internet Explorer, may either be located on a stand-alone computer or may be spread out among many computers for running the browser." (Activ8's Reply Brief, pp. 4-5) However, what Activ8 fails to acknowledge is that at the conclusion of the description of Fig. 1, both patents state that "[t]hose skilled in the art will also appreciate that aspects of the invention may also be embodied in a **stand-alone application program.**" ('006 patent, col. 6, ll. 61-63, '889 patent, col. 7, ll. 57-59) (emphasis added). Thus, as an alternative to the www description in Fig.1, the patents disclose that a stand-alone application program may be utilized. As a result, Activ8's position, *i.e.*, that a www browser on the personal computer **is** the "stand-alone" feature, must be incorrect.

Further, Activ8's position that "stand-alone" can mean "program modules for an application program, e.g. a browser like Internet Explorer…may be spread out among many computers" is also incorrect. (Activ8's Reply Brief, p. 4). This position is inconsistent with the specification and, in fact, is a description of a distributed computing environment, not a stand-alone environment. As the specification states, "[i]n a distributed computing environment, program modules may be physically located in

different local and remote memory storage devices." ('006 patent, col. 4, ll. 15-18, '889 patent, col. 5, ll. 10-13).

Even if Activ8's definition of "stand-alone" were somehow plausible, it would not exclude the use of the stand-alone application program explicitly discussed in the patents. ('006 patent, col. 6, ll. 61-63, '889 patent, col. 7, ll. 57-59). It would simply mean that in one embodiment, the stand-alone program is a web browser on a personal computer that connects to the Internet to obtain distributed Interactive Electronic Representations and in another embodiment, the invention is a stand-alone application program that connects to a local source, such as a CD or hard drive, to obtain Interactive Electronic Representations. Based on the arguments above, and in RichFX's Initial Brief at pp. 7-10, it is improper for Activ8 to insert a limitation that would read out the disclosed "stand-alone application program" embodiment.

It is also important for the Court to note that patentees rarely argue that the claims in their patents should be narrowly construed. Where they do, as Activ8 does here, it is almost always because they are motivated to overcome invalidating prior art. That is precisely Activ8's motivation here in light of the invalidating prior art CD that RichFX and Advance disclosed in their Invalidity Contentions. (RichFX's Initial Brief, pp. 9-10) *Chef America*, 358 F.3d at 1374 (stating that the Federal Circuit "repeatedly and consistently has recognized that courts may not redraft claims, whether to make them operable or to sustain their validity.").

### III. THE PROPER CONSTRUCTION OF DISPUTED TERMS

#### A. <u>Unique Identification Tag.</u> (Disputed Claim Term 3)

Activ8's arguments regarding the critical term "unique identification tag" in its Reply Brief (i) misstate RichFX's position; (ii) rely on case law that in fact supports RichFX's position; (iii) contradict Activ8's prior position in its initial Markman Brief with regard to how claim terms comprising more that one word should be construed; (iv) rely on portions of the specifications that support RichFX's claim construction; (v) ignore the plain and ordinary meaning of the words in the terms; and (vi) advance a nonsensical argument with respect to whether a unique identification tag can also be a trademark, all in an effort to convince this Court to improperly read the words "unique" and "tag" out of the term "unique identification tag." The result is that Activ8 would have the Court, in effect, simply construe the word "identification."[2]

#### 1. Activ8 Misstates RichFX's Position Regarding "Unique Identification Tag."

RichFX has never argued that the Court should not construe the complete term "unique identification tag." (RichFX Markman Brief, pp.10-12). RichFX simply argued that Activ8's construction improperly reads out the "unique" limitation in the term "unique identification tag." (*Id.*, at 11). As noted in RichFX's Initial Brief, "[e]ach element contained in a patent claim is deemed material to defining the scope of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997) (RichFX's Initial Brief, p. 11). Thus, it is improper for Activ8 to propose, as it does, a construction that would render the claim limitation "unique" meaningless. (*Id.*).

---

[2] "The difference between the almost right word and the right word is really a large matter--it's the difference between the lightning bug and the lightning." – Mark Twain

- 4 -

### 2. Activ8's Case Law Citations Prove That Courts May Separately Construe Words, within a Disputed Term, to Determine the Meaning of the Entire Disputed Term.

Activ8 cites *ZMI Corp. v. Cardiac Resuscitator Corp.*, 844 F.2d 1576, 1580 (Fed. Cir. 1988), as support for its position that that words within a disputed term may not be separately construed in order to determine the meaning of the entire disputed term. Specifically, Activ8 argued that *ZMI* held that it was improper for a court to consider the meaning of the words "speech" and "pattern" to determine the meaning of the disputed term "speech pattern." (Activ8's Reply Brief, p. 6). Activ8 miscites *ZMI*; the term "speech pattern" never appears in that case. The case that in fact construed the term "speech pattern" was *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21459573 (S.D.N.Y. June 24, 2003) (unreported).[3] That case, consistent with RichFX's position, construed the words "speech" and "pattern" separately, in direct contrast to the position taken by Activ8 in its brief. The *AT&T* Court stated:

> As the term **"speech pattern"** is not defined in the specification, the dictionary meaning of the phrase sheds light on its ordinary meaning….Webster's Dictionary defines **"speech"** as …and **"pattern"** as....Additionally, a technical treatise defines **"speech"** as…[.]

*Id.* at *16. (emphasis added). In neither *AT&T* nor *ZMI* did the Courts hold that it was improper to separately construe components of a term in order to determine the meaning of the entire disputed term. In fact, the *AT&T* Court did separately construe components of a term in order to determine the meaning of the entire disputed term. *AT&T*, 2003 WL 21459573, at *17. Therefore, Activ8's position is not only incorrect, it is, contrary to established precedent.

---

[3] Attached as Exhibit J.

Activ8's reliance on *Biovail Laboratories International SRL v. Impax Laboratories*, 2006 WL 1450532 (E.D. Pa. May 23, 2006) is also misplaced. In *Biovail*, the parties disagreed over **which** disputed terms required construction by the Court: (i) one party wanted to construe the term "delayed release" while (ii) the other party wanted to construe the term "delayed release tablet." Since RichFX and Activ8 are in agreement that the entire term "unique identification tag" requires construction by the Court, *Biovail* is irrelevant to the present dispute.

### 3. Activ8's New Position Conflicts With Its Claim Construction Position Regarding the Term "Multimedia Object."

Activ8's argument that the Court should not construe the individual words in the term "unique identification tag" is contradicted by Activ8's approach to the construction of the term "multimedia object" in Activ8's Initial Brief at p. 9. There, Activ8 asked the Court to construe "multimedia" separately from the word "object" in arriving at Activ8's meaning of the term "multimedia object." (*Id.* (stating that "[b]ecause 'multimedia' is a common term, definitions from the general dictionaries are relevant to determine its meaning. *See Vanderlande Indus. Nederland BV v. International Trade Comm'n*, 366 F.3d 1311, 1321 (Fed. Cir. 2004) [.]")).[4] Plainly, Activ8 is proposing inconsistent claim construction methodologies when it suits its litigation purposes, as opposed to asking the Court to apply consistent, established claim construction principles in order to achieve legitimate interpretations of the terms in the patents-in-suit.

---

[4] In RichFX's Initial Brief, RichFX opposed Activ8's reliance on the dictionary definition of the term "multimedia" because it conflicted with a definition in the specification, not because it was incorrect to refer to a dictionary when construing a component of a disputed term. (RichFX's Initial Brief, p. 2 n. 17).

- 6 -

### 4. Activ8's Citations to the Specification Support RichFX's Construction.

The portions of the specifications cited by Activ8 in support of its construction support RichFX's construction. Among the portions of the specifications cited by Activ8 are citations from the sections of the patents that describe Fig. 2. (Activ8's Initial Brief, pp. 7-8). As shown in Fig. 2, the unique identification tags are distinct: (i) 2255-EFGH; and (ii) 2245-ABCD. ('006 patent, col.7, ll.36-39, '889 patent, col. 9, ll. 12-15). It is unclear how Activ8 could possibly argue that this disclosure does not show that a unique identification tags create a 1:1 correspondence between a single static media object and a single Interactive Electronic Representation.

### 5. Activ8 Erroneously Dismisses A Prior Judicial Decision Construing the Plain And Ordinary Meaning of the Term "Unique Identification."

Activ8 erroneously argues that the decision in *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, No. C-98-20419JF, 1999 WL 33493606, at *12 (N.D. Cal. Oct. 26, 1999), is based solely on the intrinsic evidence available in that case and therefore should not be considered in construing the ordinary meaning of a disputed term in this case. (Activ8's Reply Brief, p. 10). However, a close reading of *GLOBEtrotter* shows that the Court determined that the use of the term "unique identification" in the patent was consistent with the **plain meaning** of the term and not a construction that was distinct for a particular patent. (*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, No. C-98-20419JF, 1999 WL 33493606, at *12 (N.D. Cal. Oct. 26, 1999) (stating that "the drafters description of '[unique identification],' while specific, merely conforms to plain meaning."). Thus, *GLOBEtrotter* is relevant to this Court's construction of the plain and ordinary meaning of "unique identification tag."

### 6. Activ8's Argument that A "Unique Identification Tag" Can Be A Trademark Is Nonsensical.

Activ8 accepts, as it must in light of the specification, RichFX's position that a unique identification tag adjacent to a trademark cannot be the same as the trademark on the static media object.[5] (Activ8's Reply Brief, p. 13). However, Activ8 proceeds to make the bizarre argument that the unique identification tag can be a trademark that is adjacent to another trademark on the static media object. This would result in a static media object having two adjacent trademarks. Activ8 does not say *which* trademark serves as the unique identification tag and which trademark serves as simply the trademark, nor does it explain how a user can discern which trademark functions as the unique identification tag and which functions merely as a trademark. RichFX submits that Activ8's argument is a nonsensical interpretation of both "unique identification tag" and Activ8's claimed "invention" and that it plainly demonstrates how far Activ8 must distort the meaning of the term "unique identification tag" in order to sustain its infringement position.

### B. Activ8's Proposed Constructions for Unique Identification Tag (Disputed Claim Term 3) and Conventional Static Media Object (Disputed Claim Term 1) Are Inconsistent With the Prosecution Histories.

As discussed in detail in RichFX's Initial Brief, the prosecution histories show that Activ8 limited the scope of its claims. (RichFX's Initial Brief, pp. 13-16, 22-24). *Rheox, Inc. v. Entact, Inc.*, 276 F.3d 1319, 1325 (Fed. Cir. 2002); *Southwall Techs., Inc.*

---

[5] RichFX understands that the use of the word "may" in the specification indicates that the specification discloses an embodiment (but not the only embodiment) in which the unique identification tag is adjacent to a trademark, logo, etc. The point, however, is that if unique identification tags can be adjacent to trademarks, they cannot be the trademarks.

*v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995) (stating that "Arguments and amendments made during the prosecution of a patent application and other aspects of the prosecution history, as well as the specification and other claims, must be examined to determine the meaning of terms in the claims."). Contrary to Activ8's arguments in its Reply Brief, the Examiner did, in fact, rely on Activ8's limiting statements and amendments as a condition for granting the patent. (RichFX's Initial Brief, pp. 5-6, 13-16, 22-24). However, even if he did not, "[t]he fact that an examiner placed no reliance on an applicant's statement distinguishing prior art does not mean that the statement is inconsequential for purposes of claim construction." *Laitram Corp. v. Morehouse Indus., Inc.*, 143 F.3d 1456, 1462 (Fed. Cir. 1998). Activ8 is bound by the statements it made and the limitations it accepted in order to obtain its patents.

C.  **Multimedia Object.**  **(Disputed Claim Term 5)**

Activ8's construction of this term conflicts with the specification and well-established case law. The specification states that an Interactive Electronic Representation consists of "text, graphic, or multimedia objects." ('006 patent, col. 11, II. 40-43; '889 patent, cols. 14-25, ll. 67-4). The Federal Circuit has "consistently interpreted the word 'or' to mean that items in the sequence are alternatives to each other." *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1311 (Fed. Cir. 2002). It is clear that "alternative" cannot mean "same." Thus, Activ8's argument that the term "multimedia object" can somehow be the same as a text object or graphic object must be incorrect.

Further, Activ8's attempt to analogize the phrase "text, graphic, or multimedia objects," to the phrase "hammers, wrenches, or **other** tools" fails. The appropriate analogy is between three specific types of "objects" and three specific types of "tools,"

- 9 -

not the suggestion that there are two specific types of tools subsumed within the general category of "tools." Accordingly, the correct analogy would be to "hammers, wrenches, or screwdriver tools."

### D. Remaining Claim Terms In Dispute.

RichFX relies on its previous statements in its Initial Brief in support of its construction for the remaining claim terms in dispute.

## IV. "A" OR "AN" ARE LIMITED TO THE SINGULAR BASED ON THE INTRINSIC RECORD

Activ8 continues to promote the erroneous position that "a" or "an" must be construed to encompass both the singular and the plural and can never be limited to the singular. (Activ8's Reply Brief, p. 9). As noted in RichFX's Initial Brief at p. 11 n.13, this absolutist position is inconsistent with claim construction law, and in fact, is inconsistent with case law relied on in Activ8's Initial Brief. For example, in *Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973, 977-79 (Fed. Cir. 1999), a case cited in Activ8's Initial Brief, the Court limited "a" to the singular in light of the entire intrinsic record.

It is undisputed that the patents teach that a unique identification tag serves as a link between a static media object and an Interactive Electronic Representation of the static media object. (Activ8's Initial Brief, p.2, RichFX's Initial Brief, pp. 1-2). As discussed in RichFX's Initial Brief, a "**unique**" identification tag is placed on every static media object, not simply an "identification tag," as Activ8 argues to this Court. (RichFX's Initial Brief, pp. 11-12). Since each identification tag has to be unique, it logically follows that each static media object contains a unique identification tag, *i.e.*, a different identification tag appears on each static media object. If each identification tag on the static media object is unique, it is impossible for a unique identification tag to

- 10 -

correspond to more that one Interactive Electronic Representation. Therefore, the use of the term "unique" in the intrinsic record makes it clear that "a" or "an" has to be limited to the singular. To decide otherwise, would render the word "unique" in "unique identification tag" meaningless.

## V. CONCLUSION

For the foregoing reasons and the reasons set forth in RichFX's Initial Brief, RichFX respectfully requests that the Court adopt its proposed claim constructions.

This 26th day of June, 2006.

| s/Robert E. Hanlon_____ | Frank G. Smith, III (admitted pro hac vice) |
| | George D. Medlock, Jr. (admitted pro hac vice) |
| ALSTON & BIRD LLP | ALSTON & BIRD LLP |
| 90 Park Avenue | One Atlantic Center |
| New York, New York 10016-1387 | 1201 West Peachtree Street |
| (212) 210-9400 | Atlanta, GA  30309-3424 USA |
| Attorneys for RichFX, Inc. | Attorneys for RichFX, Inc. |