Randy Lipsitz, Esq. (RL-1526)
Richard L. Moss, Esq. (RLM-7948)
Aaron M. Frankel, Esq. (AMF-9348)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Plaintiff,
ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDÉ NAST PUBLICATIONS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDÉ NAST PUBLICATIONS,

            Plaintiff,

            v.

ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC,

            Defendants,

            v.

ADVANCE PUBLICATIONS, INC. and RICHFX,
INC.,

            Third Party Defendants.

---------------------------------------------------------------- x

CIVIL ACTION NO.:

05-CV-7516 (KMK) (DFE)

**PLAINTIFF'S AMENDED REPLY,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO
DEFENDANTS' AMENDED
COUNTERCLAIMS**

        As and for its Amended Reply, Affirmative Defenses and Counterclaims to Defendants'

Amended Counterclaims as electronically filed with the Court on June 27, 2006, Plaintiff

Advance Magazine Publishers Inc. d/b/a The Condé Nast Publications ("Condé Nast") alleges as follows:

## AMENDED REPLY

1.     Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Counterclaims, and therefore denies them.

2.     Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Counterclaims, and therefore denies them.

3.     Condé Nast admits the allegations of paragraph 3 of the Amended Counterclaims.

4.     Condé Nast admits the allegations of paragraph 4 of the Amended Counterclaims.

5.     Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Counterclaims concerning RichFX, Inc., and therefore denies them.

6.     Replying to the allegations of paragraph 6 of the Amended Counterclaims, Condé Nast admits that Defendants have filed Amended Counterclaims asserting subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338 and 1367, 15 U.S.C. §1121, 35 U.S.C. §271 *et seq.*, Lanham Act, 35 U.S.C. §1125(a), and under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, but otherwise, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

7.     Replying to the allegations of paragraph 7 of the Amended Counterclaims, Condé Nast admits that Defendants assert that venue is proper in this Court for purposes of Defendants' Amended Counterclaims pursuant to 28 U.S.C. §§1391(b) and (c), but otherwise, Condé Nast is

KL3:2517080.2

without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

8.    Condé Nast admits the allegations of paragraph 8 of the Amended Counterclaims.

9.    Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Counterclaims, and therefore denies them.

10.    Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Counterclaims, and therefore denies them, except admits that U.S. Patent No. 6,535,889 issued on March 18, 2003.

11.    Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Counterclaims, and therefore denies them, except admits that U.S. Patent No. 6,557,006 issued on April 29, 2003.

12.    Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Counterclaims, and therefore denies them.

13.    Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Counterclaims, and therefore denies them, except admits that Active8media filed a trademark application under Serial No. 78/685,794 in its own name with the United States Patent and Trademark Office for the word mark "See It! Activate It! Get It!"

14.    Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Counterclaims, and therefore denies them, except admits that Active8media filed a trademark application under Serial No.

3

78/685,804 in its own name with the United States Patent and Trademark Office for the word

mark "See It. Click It. Get It."

15.     Condé Nast denies the allegations of paragraph 15 of the Amended

Counterclaims, except admits that Active8media fraudulently filed a trademark application under

Serial No. 78/664,682 in its own name with the United States Patent and Trademark Office for

Plaintiff's "Love Learn Locate" trademark.

16.     Replying to the allegations of paragraph 16 of the Amended Counterclaims,

Condé Nast admits that, in or about Spring 2004, it commenced discussions and negotiations

with Active8media for the purpose of engaging Active8media to develop interactive versions of

selected advertisements to appear in the September 2004 issue of Vogue Magazine.  Except as so

specifically admitted, Condé Nast is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of paragraph 16 of the Amended Counterclaims, and

therefore denies them.

17.     Condé Nast admits the allegations of paragraph 17 of the Amended

Counterclaims.

18.     Replying to the allegations of paragraph 18 of the Amended Counterclaims,

Condé Nast states that the Vogue Agreement speaks for itself, and otherwise denies the

allegations of this paragraph.

19.     Replying to the allegations of paragraph 19 of the Amended Counterclaims,

Condé Nast states that the Vogue Agreement speaks for itself, admits that Active8media granted

licenses to Condé Nast for the '889 and '006 patents, among other things, and otherwise denies

the allegations of this paragraph.

KL3:2517080.2

20.    Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Amended Counterclaims, and therefore denies them.

21.    Due to mischaracterizations set forth in paragraph 21 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph, except admits that Condé Nast executed the Vogue Agreement.

22.    Due to mischaracterizations set forth in paragraph 22 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

23.    Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Counterclaims, and therefore denies them.

24.    Due to mischaracterizations set forth in paragraph 24 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

25.    Replying to the allegations of paragraph 25 of the Amended Counterclaims, Condé Nast admits that the website was first available to the public in or about August, 2004.

26.    Due to mischaracterizations set forth in paragraph 26 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

27.    Condé Nast denies the allegations of paragraph 27 of the Amended Counterclaims.

28.    Replying to the allegations of paragraph 28 of the Amended Counterclaims, Condé Nast admits that the website remained available to the public until about October or November, 2004.

KL3 2517080 2

29.    Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Amended Counterclaims, and therefore denies them.

30.    Condé Nast denies the allegations of paragraph 30 of the Amended Counterclaims, except admits that Condé Nast fully performed its own obligations under the Vogue Agreement.

31.    Condé Nast denies the allegations of paragraph 31 of the Amended Counterclaims.

32.    Condé Nast denies the allegations of paragraph 32 of the Amended Counterclaims.

33.    Condé Nast denies the allegations of paragraph 33 of the Amended Counterclaims.

34.    Condé Nast denies the allegations of paragraph 34 of the Amended Counterclaims, except admits that Condé Nast fully performed its own obligations under the Vogue Agreement.

35.    Replying to the allegations of paragraph 35 of the Amended Counterclaims, Condé Nast admits that it had discussions with Active8media regarding the March 2005 issue of Vogue Magazine, but otherwise denies the allegations of this paragraph.

36.    Due to mischaracterizations set forth in paragraph 36 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

37.    With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Amended

KL3:2517080.2

Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 37 of the Amended Counterclaims.

38.    With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Amended Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 38 of the Amended Counterclaims.

39.    With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Amended Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 39 of the Amended Counterclaims.

40.    With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Amended Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 40 of the Amended Counterclaims.

41.    With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Amended Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 41 of the Amended Counterclaims.

42.    With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 42 of the Amended Counterclaims.

KL3 2517080.2

43.    Replying to the allegations of paragraph 43 of the Amended Counterclaims, Condé Nast admits that it ceased negotiations with Active8media for the March 2005 issue of Vogue Magazine and engaged RichFX for that issue, but otherwise denies the allegations of this paragraph.

44.    Due to mischaracterizations set forth in paragraph 44 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

45.    With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Amended Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 45 of the Amended Counterclaims.

46.    With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Amended Counterclaims, and therefore denies them. With respect to Condé Nast, Condé Nast denies the allegations of paragraph 46 of the Amended Counterclaims.

47.    With respect to RichFX, Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Amended Counterclaims, and therefore denies them. With respect to Condé Nast, due to mischaracterizations set forth in paragraph 47 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

48.    Condé Nast denies the allegations of paragraph 48 of the Amended Counterclaims.

49.    Condé Nast denies the allegations of paragraph 49 of the Amended Counterclaims.

50.    Condé Nast denies the allegations of paragraph 50 of the Amended Counterclaims.

51.    Condé Nast denies the allegations of paragraph 51 of the Amended Counterclaims.

52.    Due to mischaracterizations set forth in paragraph 52 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

53.    Condé Nast denies the allegations of paragraph 53 of the Amended Counterclaims.

54.    Condé Nast denies the allegations of paragraph 54 of the Amended Counterclaims.

55.    Condé Nast denies the allegations of paragraph 55 of the Amended Counterclaims.

56.    Due to mischaracterizations set forth in paragraph 56 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

57.    Replying to the allegations of paragraph 57 of the Amended Counterclaims, Condé Nast admits that it entered into the House & Garden Agreement with Active8media in or about March, 2005 for the June, 2005 issue of House & Garden Magazine. As to the remaining allegations of paragraph 57 of the Amended Counterclaims, Condé Nast states that the House & Garden Agreement speaks for itself, and otherwise denies the allegations of this paragraph.

58.    Condé Nast states that the House & Garden and Vogue Agreements speak for themselves, and otherwise denies the allegations of paragraph 58 of the Amended Counterclaims.

59.    Due to mischaracterizations set forth in paragraph 59 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

KL3 2517080.2

60.    Condé Nast states that the House & Garden Agreement speaks for itself, and otherwise denies the allegations of paragraph 60 of the Amended Counterclaims.

61.    Due to mischaracterizations set forth in paragraph 61 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

62.    Due to mischaracterizations set forth in paragraph 62 of the Amended Counterclaims, Condé Nast denies the allegations of this paragraph.

### Count I

63.    With respect to paragraph 63 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 62 of the Amended Counterclaims as though fully set forth herein.

64.    Condé Nast denies the allegations of paragraph 64 of the Amended Counterclaims.

65.    Condé Nast denies the allegations of paragraph 65 of the Amended Counterclaims.

66.    Condé Nast denies the allegations of paragraph 66 of the Amended Counterclaims.

67.    Condé Nast denies the allegations of paragraph 67 of the Amended Counterclaims.

### Count II

68.    With respect to paragraph 68 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 67 of the Amended Counterclaims as though fully set forth herein.

KL3:2517080.2

69.   Condé Nast denies the allegations of paragraph 69 of the Amended Counterclaims.

70.   Condé Nast denies the allegations of paragraph 70 of the Amended Counterclaims.

71.   Condé Nast denies the allegations of paragraph 71 of the Amended Counterclaims.

72.   Condé Nast denies the allegations of paragraph 72 of the Amended Counterclaims.

## Count III

73.   With respect to paragraph 73 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 72 of the Amended Counterclaims as though fully set forth herein.

74.   Condé Nast denies the allegations of paragraph 74 of the Amended Counterclaims.

75.   Condé Nast denies the allegations of paragraph 75 of the Amended Counterclaims.

76.   Condé Nast denies the allegations of paragraph 76 of the Amended Counterclaims.

77.   Condé Nast denies the allegations of paragraph 77 of the Amended Counterclaims.

KL3:2517080.2

## **Count IV**

78.     With respect to paragraph 78 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 77 of the Amended Counterclaims as though fully set forth herein.

79.     Condé Nast denies the allegations of paragraph 79 of the Amended Counterclaims.

80.     Condé Nast denies the allegations of paragraph 80 of the Amended Counterclaims.

81.     Condé Nast denies the allegations of paragraph 81 of the Amended Counterclaims.

## **Count V**

82.     With respect to paragraph 82 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 81 of the Amended Counterclaims.

83.     Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Amended Counterclaims, and therefore denies them.

84.     Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Amended Counterclaims, and therefore denies them.

85.     Condé Nast denies the allegations of paragraph 85 of the Amended Counterclaims.

KL3 2517080.2

86.     Condé Nast denies the allegations of paragraph 86 of the Amended Counterclaims.

87.     Condé Nast denies the allegations of paragraph 87 of the Amended Counterclaims.

88.     Condé Nast denies the allegations of paragraph 88 of the Amended Counterclaims.

89.     Condé Nast denies the allegations of paragraph 89 of the Amended Counterclaims.

90.     Condé Nast denies the allegations of paragraph 90 of the Amended Counterclaims.

91.     Condé Nast denies the allegations of paragraph 91 of the Amended Counterclaims.

### Count VI

92.     With respect to paragraph 92 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 91 of the Amended Counterclaims as though fully set forth herein.

93.     Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Amended Counterclaims, and therefore denies them.

94.     Condé Nast denies the allegations of paragraph 94 of the Amended Counterclaims.

95.     Condé Nast denies the allegations of paragraph 95 of the Amended Counterclaims.

96.    Condé Nast denies the allegations of paragraph 96 of the Amended Counterclaims.

**Count VII**

97.    With respect to paragraph 97 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 96 of the Amended Counterclaims as though fully set forth herein.

98.    Condé Nast denies the allegations of paragraph 98 of the Amended Counterclaims.

99.    Condé Nast denies the allegations of paragraph 99 of the Amended Counterclaims.

**Count VIII**

100.    With respect to paragraph 100 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 99 of the Amended Counterclaims as though fully set forth herein.

101.    Condé Nast denies the allegations of paragraph 101 of the Amended Counterclaims.

102.    Condé Nast denies the allegations of paragraph 102 of the Amended Counterclaims.

103.    Condé Nast denies the allegations of paragraph 103 of the Amended Counterclaims.

104.    Condé Nast denies the allegations of paragraph 104 of the Amended Counterclaims.

105.    Condé Nast denies the allegations of paragraph 105 of the Amended Counterclaims.

106.    Condé Nast denies the allegations of paragraph 106 of the Amended Counterclaims.

## Count IX

107.    With respect to paragraph 107 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 106 of the Amended Counterclaims as though fully set forth herein.

108.    Condé Nast denies the allegations of paragraph 108 of the Amended Counterclaims.

109.    Condé Nast denies the allegations of paragraph 109 of the Amended Counterclaims.

## Count X

110.    With respect to paragraph 110 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 109 of the Amended Counterclaims as though fully set forth herein.

111.    Condé Nast denies the allegations of paragraph 111 of the Amended Counterclaims.

112.    Condé Nast denies the allegations of paragraph 112 of the Amended Counterclaims.

113.    Condé Nast denies the allegations of paragraph 113 of the Amended Counterclaims.

15

## Count XI

114.    With respect to paragraph 114 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 113 of the Amended Counterclaims as though fully set forth herein.

115.    Condé Nast denies the allegations of paragraph 115 of the Amended Counterclaims.

116.    Condé Nast denies the allegations of paragraph 116 of the Amended Counterclaims.

## Count XII

117.    With respect to paragraph 117 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 116 of the Amended Counterclaims as though fully set forth herein.

118.    Condé Nast denies the allegations of paragraph 118 of the Amended Counterclaims.

119.    Condé Nast denies the allegations of paragraph 119 of the Amended Counterclaims.

## Count XIII

120.    With respect to paragraph 120 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 119 of the Amended Counterclaims as though fully set forth herein.

121.    Condé Nast denies the allegations of paragraph 121 of the Amended Counterclaims.

16

122.    Condé Nast denies the allegations of paragraph 122 of the Amended Counterclaims.

123.    Condé Nast denies the allegations of paragraph 123 of the Amended Counterclaims.

124.    Condé Nast denies the allegations of paragraph 124 of the Amended Counterclaims.

## Count XIV

125.    With respect to paragraph 125 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 124 of the Amended Counterclaims as though fully set forth herein.

126.    Condé Nast denies the allegations of paragraph 126 of the Amended Counterclaims.

127.    Condé Nast denies the allegations of paragraph 127 of the Amended Counterclaims.

## Count XV

128.    With respect to paragraph 128 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 127 of the Amended Counterclaims as though fully set forth herein.

129.    Condé Nast denies the allegations of paragraph 129 of the Amended Counterclaims.

130.    Condé Nast denies the allegations of paragraph 130 of the Amended Counterclaims.

KL3:2517080.2

## Count XVI

131.     With respect to paragraph 131 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 130 of the Amended Counterclaims as though fully set forth herein.

132.     Condé Nast denies the allegations of paragraph 132 of the Amended Counterclaims.

133.     Condé Nast denies the allegations of paragraph 133 of the Amended Counterclaims.

134.     Condé Nast denies the allegations of paragraph 134 of the Amended Counterclaims.

## Count XVII

135.     With respect to paragraph 135 of the Amended Counterclaims, Condé Nast incorporates by reference its above responses to paragraphs 1 through 134 of the Amended Counterclaims as though fully set forth herein.

136.     Condé Nast denies the allegations of paragraph 136 of the Amended Counterclaims.

137.     Condé Nast denies the allegations of paragraph 137 of the Amended Counterclaims.

## GENERAL DENIAL

138.     Condé Nast denies each and every allegation, prayer, matter, fact or thing averred in Defendants' Amended Counterclaims not expressly admitted or otherwise responded to herein.

KL3:2517080.2

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

139.    Defendants' Amended Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted, and therefore should be dismissed.

### Second Affirmative Defense

140.    Defendants' Amended Counterclaims based on state law and statutes, in whole or in part, are preempted by federal law and should be dismissed.

### Third Affirmative Defense

141.    Defendants' Amended Counterclaims based on Georgia state law and statutes, in whole or in part, are inapposite under a New York conflicts of law analysis, and therefore should be dismissed.

### Fourth Affirmative Defense

142.    U.S. Patent Nos. 6,535,889 and 6,557,006 (collectively, "Asserted Patents") are invalid and/or unenforceable under U.S. Patent Law and/or based on one or more of the requirements set forth in Title 35, United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

### Fifth Affirmative Defense

143.    Condé Nast has not directly or indirectly infringed the Asserted Patents, whether literally, under the Doctrine of Equivalents, contributorily, by inducement or otherwise.

### Sixth Affirmative Defense

144.    Condé Nast has subsisting license rights to the Asserted Patents and Defendants' technology.

KL3:2517080 2

### Seventh Affirmative Defense

145.    There is no basis in law or fact that a likelihood of confusion as to source or origin is presented concerning any offer by Condé Nast to advertisers made after engaging RichFX of the capability to convert catalog pages and magazine pages into interactive web pages, as alleged in Defendants' Amended Counterclaims.

### Eighth Affirmative Defense

146.    Activ8media's attempted fraudulent registration of the "Love, Learn, Locate" trademark with the U.S. Patent and Trademark Office and unclean hands act as bars to any relief sought by Defendants in Defendants' Amended Counterclaims.

### Ninth Affirmative Defense

147.    Condé Nast has subsisting exclusive rights to use the "See It. Click It. Get It." slogan.

### Tenth Affirmative Defense

148.    There is no basis in law or fact for awarding Defendants increased, exemplary, punitive damages or attorney's fees or costs.

### CONDÉ NAST'S AMENDED COUNTERCLAIMS

Plaintiff Condé Nast asserts the following amended counterclaims for (i) declaratory judgment against Defendants based on the patent causes of action asserted by Defendants in their Amended Counterclaims and (ii) other relief based on the new amended causes of action asserted by Defendants in their Amended Counterclaims:

KL3:2517080.2

## First Condé Nast Amended Counterclaim

149.    An actual and justiciable controversy exists between the parties as to the validity and infringement of the Asserted Patents based on Defendants' assertion of the Asserted Patents against Condé Nast.  Jurisdiction and venue are proper in this Court.

150.    Upon information and belief the Asserted Patents are invalid and/or unenforceable under U.S. Patent Law and/or based on one or more of the requirements set forth in Title 35, United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

151.    Condé Nast has not, at any time, infringed the Asserted Patents in any manner.

152.    Plaintiff Condé Nast is entitled to a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that the Asserted Patents are invalid and/or unenforceable and not infringed by Condé Nast.

## Second Condé Nast Amended Counterclaim

153.    Plaintiff repeats and realleges the allegations set forth in paragraphs 7 through 26 of the Amended Complaint in this action as though fully set forth herein.

154.    Defendants' fraudulent misappropriation of, fraudulent use of, attempted fraudulent registration in the U.S. Patent and Trademark Office of, and fraudulent assertion in this Court of ownership of, Condé Nast's "Love Learn Locate" slogan and trademark constitute fraud and fraudulent conduct under the laws of the United States, the laws of the State of New York and elsewhere.

155.    Defendants' fraud and fraudulent conduct have harmed, damaged and continue to harm and damage Plaintiff and its business for which Plaintiff is entitled to monetary and other relief, and Defendants should be sanctioned severely therefor.

21

KL3:2517080.2

**WHEREFORE**, Plaintiff Condé Nast prays for the following relief:

      A.     a declaration that the Asserted Patents are invalid and/or unenforceable;

      B.     a declaration that Condé Nast has not infringed the Asserted Patents;

      C.     a finding that Defendants committed and continue to commit fraud and fraudulent conduct against Plaintiff, before the U.S. Patent and Trademark Office and in this Court;

      D.     an award of damages, punitive damages, exemplary damages and treble damages against Defendants for their fraudulent, deceitful and inequitable conduct;

      E.     an Order transferring to Plaintiff all intellectual property, applications and registrations obtained and/or applied for fraudulently by Defendants concerning the slogan and trademark "Love Learn Locate;"

      F.     a finding that Condé Nast has subsisting exclusive rights to use the slogan "See It. Click It. Get It."

      G.     an award of attorney fees, costs and disbursements incurred by Condé Nast (i) in defending against Defendants' assertion of the Asserted Patents, (ii) in defending against Defendants' Amended Counterclaims and (iii) in protecting its rights in the present action; and

      H.     an award of such other and further relief as may to the Court seem just and proper under the circumstances.

KL3-2517080.2

## DEMAND FOR JURY TRIAL

Plaintiff Condé Nast hereby demands trial by jury of its Amended

Counterclaims in this action.


Dated: July 17, 2006
      New York, New York

                    Respectfully submitted,

                    KRAMER LEVIN NAFTALIS & FRANKEL LLP
                    Attorneys for Plaintiff
                      Advance Magazine Publishers Inc.
                        d/b/a The Condé Nast Publications
                    1177 Avenue of the Americas
                    New York, New York 10036
                    Tel.: (212) 715-9100
                    Fax: (212) 715-8000

                    Randy Lipsitz, Esq. (RL-1526)
                    Richard L. Moss, Esq. (RLM-7948)
                    Aaron M. Frankel, Esq. (AMF-9348)


OF COUNSEL:

Jerry S. Birenz, Esq.
Michael J. Anderson, Esq.
SABIN, BERMANT & GOULD LLP
4 Times Square, 23rd Floor
New York, NY 10036-6526
Tel.: (212) 381-7000

KL3:2517080.2