**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

# MEMO ENDORSED

RANDY LIPSITZ
PARTNER
PHONE 212-715-9134
FAX 212-715-8134
RLIPSITZ@KRAMERLEVIN.COM

January 23, 2007

BY HAND

The Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007



SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/07

Re: Advance Magazine Publishers Inc. d/b/a The Condé Nast Publications
v. Activ8now, LLC and Active8media, LLC
Civil Action No. 05-CV-7516 (KMK) (DFE)

Dear Judge Karas:

We are counsel for Condé Nast and Advance Publications, Inc. in the above-captioned action. We are writing to request the scheduling of a pre-motion conference with Your Honor with respect to our proposed motion for preliminary injunction. The purpose of such a motion will be to enjoin Activ8now, LLC and Active8media, LLC ("Active8") from intimidating Vogue magazine advertisers and from tortiously interfering with the business and contractual relations of Vogue magazine with its advertisers. Counsel for all the parties will be in New York City this week on Thursday and Friday and should be available to meet with the Court if time can be scheduled.

As the Court is aware, this is an action for alleged patent infringement and related causes of action concerning patents asserted by Active8 against our client Condé Nast and against third party defendant, RichFX, Inc. The Markman patent claim construction Hearing was held before Your Honor on January 10, 2007 and is currently pending decision.

During the Markman Hearing, we all learned for the first time that Vogue advertisers could well be targets of Active8's patent infringement claims since Active8 deems them to be contributory patent infringers for doing nothing more than providing advertisements for publication in Vogue magazines. We thought this new assertion by Active8 was mere grandstanding and of no concern, but just last night it became readily apparent that Active8 was serious. We were informed by Active8 that it has proceeded to serve deposition and document subpoenas on two of Vogue Magazine's significant advertisers. Active8's conduct is a transparent attempt to intimidate Condé Nast's advertisers by instilling the fear of possible infringement actions against them (and to gather ammunition for such actions) and to scare off advertiser involvement with Vogue, especially with regard to the upcoming March issue.

The Honorable Kenneth M. Karas
January 23, 2007
Page 2

This morning, we asked counsel for Active8 to delay serving the two subpoenas so that we could bring this matter to the Court's attention. Active8 refused, noting cryptically that it needs "to preserve testimony for trial."

Active8's strategic use of subpoenas to harass and intimidate Condé Nast's advertisers violates the spirit of the Federal Rules of Civil Procedure. It is well settled that discovery is not to be used as "tactical weapon." *Elizabeth Conrod v. The Bank of N.Y.*, 1998 U.S. Dist. LEXIS 11634, * 5 (S.D.N.Y. July 28, 1998) ("The spirit of [Rule] 26(g) is violated when discovery is used as a tactical weapon rather than to explore a party's claims and the facts connected therewith." (quoting *In re Weinberg*, 163 B.R. 681, 684 (Bankr. E.D.N.Y. 1994)).

A preliminary injunction is appropriate in this case. In *Foamation, Inc. v. Wedeward Enter.*, 947 F. Supp. 1287, 1296-1297 (E.D. Wis. 1996), the court granted a preliminary injunction prohibiting the plaintiff from interfering with defendant's customers by asserting that defendant was infringing plaintiff's copyright, threatening customers with suit or making other false, misleading or disparaging remarks. *See also T.J. Roaco v. Syntex Pharm. Int'l*, 227 U.S.P.Q. 1033, 1036 (D.N.J. 1985) (granting preliminary injunction prohibiting defendant from threatening plaintiff's customers with patent infringement litigation); *Talk to Me Prods. Inc. v. Lanard Toys Inc.*, 24 U.S.P.Q. 2d 1798, 1799 (E.D.N.Y. 1992) (while finding on its particular facts that a preliminary injunction was not warranted, recognized that bad faith customer harassment and intimidation sufficient to cause irreparable harm is grounds for injunctive relief).

Given the nature and intimidating effect of Active8's subpoenas, which raise the spectre of possible infringement actions by Active8 against Condé Nast's advertisers, we submit that the Court should allow Condé Nast to proceed with a motion to enjoin Active8.[1] Certainly, enforcement of Active8's subpoenas should be precluded at least until the Court's Markman decision is rendered.

---

[1] An infringement suit against Vogue's advertisers would be unnecessary and inappropriate. This Court has granted a preliminary injunction to prevent a patent holder from bringing suit against the customers of an alleged infringer. *See, e.g., Johnson Elec. N. Am., Inc. v. Mabuchi Motor Am. Corp.*, 1986 WL 5385, *2 (S.D.N.Y. May 2, 1986), *aff'd*, 878 F.2d 1445 (Fed. Cir. 1989) (unpub.).

KL3 2569071.1

The Honorable Kenneth M. Karas
January 23, 2007
Page 3

      We also note that Active8's issuance of these subpoenas violates the Court's Stipulated Amendment to Case Management Plan and Scheduling Order dated September 5, 2006 requiring that all fact discovery, including depositions of fact witnesses, be completed by January 26, 2007.[2]

      Given the request for a preliminary injunction and the Court's familiarity with the issues involved, we deemed it most appropriate to bring this promptly to Your Honor's attention.

      Accordingly, for the reasons discussed herein, we respectfully request that the Court schedule an early pre-motion conference.

                       Respectfully submitted,

                       KRAMER LEVIN NAFTALIS & FRANKEL LLP

                       By: _____
                           Randy Lipsitz

RL:dmc
cc:    Dale Lischer, Esq., counsel for Active8 (by email)
       Frank G. Smith, III, Esq., counsel for RichFX (by email)
       Robert E. Hanlon, Esq., counsel for RichFX (by email)
       Paul R. Niehaus, Esq., counsel for Active8 (by email)

> The question of the propriety of Active8's subpoenas of Condé Nast's advertisers is one related to discovery. Therefore, it is governed by the Court's referral of all discovery matters to Judge Eaton and should be addressed by Judge Eaton.
>
> SO ORDERED
> _____
> KENNETH M. KARAS U.S.D.J.
> 1/24/07

---

[2] For the record, we should note that the parties have agreed among themselves that two depositions of party witnesses, which were noticed and scheduled to be held prior to January 26, 2007, would be held in very early February to accommodate witness scheduling issues.

KL3 2569071.1

# SMITH, GAMBRELL & RUSSELL, LLP

ATTORNEYS AT LAW
SUITE 3100, PROMENADE II
1230 PEACHTREE STREET, N.E.
ATLANTA, GEORGIA 30309-3592
TELEPHONE (404) 815-3500
FACSIMILE (404) 815-3509
WEBSITE www.sgrlaw.com

ESTABLISHED 1893

WASHINGTON, D.C. OFFICE

SUITE 800
1850 M STREET, N.W
WASHINGTON, D.C. 20036
TELEPHONE
(202) 263-4300
FACSIMILE
(202) 263-4329

FLORIDA OFFICE

SUITE 2200, BANK OF AMERICA TOWER
50 NORTH LAURA STREET
JACKSONVILLE, FL 32202
TELEPHONE
(904) 598-6100
FACSIMILE
(904) 598-6300

Dale Lischer
404 815 3741
Direct Fax No. - 404 685 7041
E-Mail – dlischer@sgrlaw.com

January 24, 2007

<u>By Facsimile 212 805 7968</u>
<u>By Hand</u>
The Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

Re:   Advance Magazine Publishers, Inc. v. Activ8now, LLC
      and Active8media, LLC
      Civil Action Number 05-CV-7516 (KMK) (DFE)

Dear Judge Karas:

We are counsel to Activ8now, LLC and Active8media, LLC ("Activ8") in the above captioned action. This letter responds to the letter of January 23, 2007, from counsel for Condé Nast and Advance Publications, Inc. ("Condé Nast") to the Court relating to Activ8's third-party subpoenas to preserve testimony for trial.

First, this dispute is merely a discovery dispute. Pursuant to the Court's Referral Order of March 22, 2006, Condé Nast's letter should have been directed to Magistrate Judge Eaton for resolution in accordance with his standing order and procedures. At the present time, several other discovery disputes have been submitted to Magistrate Judge Eaton for his consideration and decision. There is nothing in the issuance of subpoenas to third parties to preserve testimony for trial that falls outside of the Court's Referral Order referring such matters to Magistrate Judge Eaton.

The Honorable Kenneth M. Karas
January 24, 2007
Page 2

Second, there is nothing particularly unusual or nefarious behind the issuance of subpoenas to two selected advertisers and to an advertising agency representing two additional advertisers. The four advertisers were selected out of a universe of approximately 67 advertisers that advertised in the September 2004 issue of Vogue magazine, activated by Active8media, as well as in the subsequent issues of March 2005, September 2005, and December 2005, activated by RichFX. All of the subpoenaed advertisers were listed in Activ8's initial disclosures in this case, and Condé Nast used that listing in support of its argument that the case should be transferred to New York. The testimony sought from the advertisers and the advertising agency has virtually nothing to do with Activ8's claims of patent infringement. Instead, the testimony sought relates to Activ8's claims of trademark infringement and unfair competition. The basic question will be what were these advertisers and this agency told by Condé Nast when they were solicited to participate in those issues of Vogue magazine. In addition, we expect the advertisers may shed light on the success or lack of success of those various issues from the advertiser's perspective. Condé Nast's speculation that Activ8 has adopted a new strategy for bringing suit against advertisers as contributory infringers has no basis in reality. Activ8, a small company, hardly is interested in pursuing a strategy to add scores of additional well funde defendants allied with the equally well funded Condé Nast.

Third, it may be several years before this case is finally resolved. Activ8 is seriously concerned that evidence from the subpoenaed advertisers and agency may be lost in the normal course of business of these particular advertisers and the agency. This concern lies on top of serious issues of missing documentary evidence from Condé Nast, which issues have yet to be presented to Magistrate Judge Eaton and therefore have yet to be resolved. We also note in passing that Condé Nast, through this unjustified submission to the Court, has yet again forced Activ8 to expose its discovery strategies. In past instances of discovery disputes submitted to Magistrate Judge Eaton, Condé Nast has successfully exposed Activ8's discovery goals and has thereby prepared witnesses to meet and stonewall lines of inquiry later pursued at deposition by Activ8.

Fourth, with respect to timing, the Federal Rules plainly allow depositions to preserve testimony at any time. *RLS Associates, LLC v. The United Bank of Kuwait PLC*, 2005 WL 578917, *6, 66 Fed. R. Evid. Serv. 924 (S.D.N.Y. 2005). Nothing in the existing scheduling order precludes such third-party depositions to preserve testimony for trial. Further, with a multitude of issues before Magistrate Judge Eaton and yet to be presented to Magistrate Judge Eaton, it is clear that discovery will not close on January 26 because of the failures of Condé Nast to produce necessary documents relating to damages, to provide Rule 30(b)(6) witnesses with knowledge of the subject matter outlined in the notices, to produce copies of email correspondence, to produce copies of websites, and other assorted discovery failures by Condé Nast.

LIT\980354.1

The Honorable Kenneth M. Karas
January 24, 2007
Page 3

Consequently, based on the foregoing, we ask that the Court to deny the extraordinary injunction sought by Condé Nast or in the alternative to refer this matter to Magistrate Judge Eaton to be handled in accordance with his standing order and procedures for discovery disputes.

                Very truly yours,

                *Dale Lischer*
                Dale Lischer

DL/clc
cc:    The Honorable Douglas F. Eaton (By Hand)
       Randy Lipsitz, Esq., counsel for Advance Publications, Inc. (by e-mail)
       Frank G. Smith, III, Esq., counsel for RichFX (by e-mail)
       Robert E. Hanlon, Esq., counsel for RichFX (by e-mail)
       Paul R. Niehaus, Esq. counsel for Active8media, LLC and Activ8now, LLC (by e-mail)