```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDE NAST PUBLICATIONS,

                    Plaintiff,

        - against -

ACTIV8NOW, LLC and ACTIV8MEDIA, LLC,

                    Defendants,

        - against -

ADVANCE PUBLICATIONS, INC.
and RICHFX, INC.,

        Third-Party Defendants.
------------------------------------x
```

05 Civ. ~~7561~~ 7516 (KMK)(DFE)

This is an ECF case

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

    Three discovery disputes have been presented to me by Mr. Lipsitz and Mr. Lischer, in a joint letter dated January 24, 2007 (61 pages, plus Plaintiff's Exhibits A-H and Defendants' Exhs. 1-20). On January 31, 2007, I held a 90-minute telephone conference with them and their colleagues, and I made the following rulings.

    **Issue I:** Plaintiff seeks a protective order to preclude the deposition of its President Samuel I. Newhouse, Jr. I grant the protective order pursuant to F.R.Civ.P. Rule 26(c) and Rule 26(b)(2).

    Defendants have taken the depositions of ten employees of Plaintiff, four of whom were designated under Rule 30(b)(6). Tom Florio, the Publishing Director of Vogue Magazine, testified that he reports to Chuck Townsend, who apparently reports to Mr. Newhouse. Mr. Florio also testified that he was the person who ultimately made the decision to use Defendants on the "ShopVogue" project for the September 2004 issue of Vogue Magazine, and he was the person who ultimately made the decision not to use Defendants on the next "ShopVogue" project - - a decision that Defendants say was communicated to them on January 5, 2005. During the deposition of Mr. Florio, Defendants chose not ask a single question as to whether Mr. Newhouse had any input in those

two decisions. On May 11, 2005 (Def. Exh. 4) Defendants' Todd Mannik wrote that (a) he was told by Plaintiff's Jim Winters that (b) Mr. Newhouse made the decision not to use Defendants on the second "ShopVogue" project; however, Defendant has deposed Mr. Winters, who apparently denies both (a) and (b). Moreover, on January 9, 2006, Defendants' Initial Disclosures said: "The following individuals believed to be presently or formerly employed by Conde Nast and Advance Publications have discoverable information which Defendants might use in support of their claims or defenses:" - - they listed Mr. Florio, Mr. Winters and five others but not Mr. Newhouse. (Pl. Exh. B, p. 4.)

Defendants allege that they supplied computer passwords to several of Plaintiff's employees, including one password that would supposedly be used only by Mr. Newhouse. This is disputed but, even if it be true, Defendants say it is impossible to tell whether any specific password was used to access their "reporter tool." It appears that both parties wanted the "reporter tool" to be accessed for the purpose of seeing data on how many readers were responding to the ads. However, Defendants speculate that some employee of Plaintiff accessed it for the purpose of copying its software; Defendants assert that the software was a trade secret. For the sake of argument, I will accept both the speculation and the assertion. It seems highly unlikely that the 78-year old President of a huge publishing company would be a computer geek who copied the software. Defendants have had ample opportunity to take depositions of the other employees. Rather than requiring Mr. Newhouse to submit an affidavit, I offered Defendants the opportunity to propound their own written questions to him, but Mr. Lischer said that written questions would be worthless.

Pursuant to Rule 26(b)(2), I determine that Defendants have had ample opportunity to obtain the information by means other than taking a deposition of Mr. Newhouse, and that the burden of the proposed deposition outweighs its likely benefit. *Treppel v. Biovail Corp.*, 2006 WL 468314 (S.D.N.Y. Feb. 28, 2006).

**Issue II:** Plaintiff's recent Rule 34 Requests.

Plaintiff served Rule 36 Requests for Admission, and was dissatisfied with Defendants' Amended Responses (Pl. Exh. H). On January 9, 2007, Plaintiff served its Third Set of Rule 34 Requests, numbered 128 through 162 (Pl. Exh. D). To take one of the Rule 36 Requests as an example, Request No. 111 said:

> Admit that Active8 is aware of no documents supporting its allegation that Conde Nast and

>    RichFX copied and downloaded the software
>    developed by Active8media for acquiring,
>    analyzing and reporting performance data for
>    www.shopseptembervogue.com.

Defendants' Amended Response to No. 111 said "Denied." To challenge this, Plaintiff served Rule 34 Request No. 141:

>    Produce, or, if previously produced,
>    specifically identify by document production
>    number, all documents and things supporting
>    Active8's Amended Response to Conde Nast
>    Requests for Admission No. 111.

In the course of conferring and preparing the joint letter, Plaintiff has modified each Rule 34 Request from "all documents and things" to "some documentary evidence" that supports the allegation by Defendants that is referenced in the specified Rule 36 Request. (Joint letter, p. 42.) This is what Rule 56 will require Defendants to do if Plaintiff moves for summary judgment with respect to certain allegations.

Nevertheless, Defendants continue to invoke the work product doctrine. (Joint letter, pp. 35-41.) They claim that it is an "impermissible intrusion into counsel's thought processes" to "ask that Activ8 pinpoint the relevant documents," or even "some" relevant documents. (*Id.*, p. 40.) They cite two Second Circuit decisions, but each involved grand jury subpoenas. The case at bar is nothing like a criminal case; for one thing, in a criminal case the "plaintiff" can never cut to the chase and move for summary judgment.

I overruled the objection based on the work product doctrine. I directed Defendants to serve answers to the Third Set of Rule 34 Requests by February 12, 2007 at 4:00 p.m. I further directed them to produce or identify documents which they contend would be sufficient to avoid summary judgment on the allegation by Defendants that is referenced in the specified Rule 36 Request in question. I further directed them to produce or identify no more than 20 documents in their answer to any one of those Rule 34 Requests.

**Issue III:** Request No. 5 in Defendants' Third Set of Rule 34 Requests. (Def. Exh. 18, Third Set, p. 3.)

Although Defendants' patents issued in 2003, Defendants seek summary revenue and profit totals from 2000 to the present for March issues of Vogue, September issues of Vogue, December issues

-3-

of Vogue, May issues of Conde Nast Traveler, and May issues of House & Garden.

In my telephone conference, Mr. Lischer stated that he wanted to show this financial information to a potential expert witness, who could use them to establish a baseline historical profit for certain magazine issues that are accused of infringing Defendants' patents and appropriating trade secrets. I rejected Mr. Lipsitz's request that this information be postponed.

I hereby direct Plaintiff to produce, by 4:00 p.m. on February 12, 2007, summary revenue and profit totals that are responsive to Request No. 5 in Defendants' Third Set of Rule 34 Requests. As acknowledged by Mr. Lischer at pp. 58-59 of the joint letter, this information will be subject to a confidentiality order that is already in place.

_____
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:    New York, New York
          February 1, 2007

Copies of this Memorandum and Order are being sent by electronic filing and also to:

Randy Lipsitz, Esq. at 212-715-8134 fax
Dale Lischer, Esq. at 404-815-3509 fax
Hon. Kenneth M. Karas