USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDE NAST PUBLICATIONS,

        Plaintiff,

   - against -

ACTIV8NOW, LLC and ACTIV8MEDIA, LLC,

        Defendants,

   - against -

ADVANCE PUBLICATIONS, INC.
and RICHFX, INC.,

        Third-Party Defendants.
----------------------------------------x

05 Civ. 7516(KMK)(DFE)

This is an ECF case

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

    I am responding to a joint letter from Mr. Lipsitz and Mr. Lischer, dated April 23, 2007 (58 pages, plus Defendants' Exhibits 1 through 29 and Plaintiff's Exhibits A through NN).

    Judge Karas's form of Case Management Plan, at ¶7(d), asked the parties to select either

> (a) non-party depositions shall follow initial party depositions.  [or]
>
> (b) non-party depositions may commence concurrently with initial party depositions.

In the joint letter to me, at pages 16-17, Conde Nast says (and Activ8 does not dispute): "Activ8 asked Judge Karas to [cross out option "a"] so that Activ8 could proceed promptly with the third-party advertiser depositions *before* party depositions."  On December 5, 2005, Judge Karas crossed out option "a" and, at the end of option "b" he added these words: "but relief must be obtained from the Court to exceed the 10-deposition limit."

    Fact discovery was originally set to close on September 29, 2006 but, on September 5, 2006, I extended that deadline to January 26, 2007.  Activ8 took two depositions in August 2006,

-1-

and six more depositions during January 17-26, 2007. On January 22 and 24, barely before the January 26 close of discovery, Activ8 got around to issuing subpoenas to the non-party advertisers. The subpoenas (Exh. T to the joint letter) were addressed to two advertisers and one ad agency; they asked for documents to be produced by February 8-12 and for knowledgeable persons to be deposed on February 13, 14 and 15. Conde Nast protested in a January 23 letter to Judge Karas (Exh. F); Activ8 wrote to Judge Karas: "Nothing in the existing scheduling order precludes such third-party depositions to preserve testimony for trial." (Exh. G, p. 2.) On January 24, Judge Karas wrote that "the propriety of Activ8's subpoenas of Conde Nast's advertisers ... should be addressed by Judge Eaton." This eventually led to the voluminous April 23 joint letter. (See Exhs. 15-24.)

In the joint letter, Activ8 no longer argues that it is entitled to take these three depositions regardless of the scheduling order. (But see p. 12 n. 5 and p. 42, which suggest that Activ8 may seek to renew such an argument before Judge Karas.) Instead, Activ8 requests "an extension of discovery for the purpose of taking the advertiser depositions." It appears that, ever since 2005, Activ8 perceived that it needed to elicit testimony regarding:

> 1) what [sales pitch] the advertisers [received from Conde Nast]; 2) by whom; 3) what the advertisers were told when they contacted RichFX ...; 4) whether the advertisers were disappointed with the March 2005 shopvogue.com website, etc.

(Joint letter, p. 10.) The best evidence on those topics would come from the advertisers rather than from Conde Nast. Presumably that is why Activ8 obtained permission from Judge Karas (17 months ago) to take non-party advertiser depositions before deposing Conde Nast. At page 10 of the joint letter, Activ8 writes:

> ... In retrospect perhaps Activ8 ... should have issued the advertiser subpoenas sooner .... But of course if Activ8 had chosen that alternative route Conde Nast would have no doubt objected even more vociferously that the subpoenas were intended solely to harass the advertisers ... (at least until Activ8 had first deposed Conde Nast's advertiser interaction designee).

Activ8 had the entire year of 2006 to schedule the advertiser

-2-

depositions so they could be completed by January 26, 2007 (whether before or after the depositions of Conde Nast). Perhaps, despite Judge Karas's December 2005 permission, Conde Nast would have objected during 2006. If so, then Activ8 could have made a timely request to me for a ruling. Whether it did or did not expect objections, Activ8 violated the stipulation that I so ordered on September 5, 2006, which required that all fact discovery was to be **completed** by January 26, 2007. Activ8 has not shown good cause as to why it waited until January 22, 2007 to type up subpoenas addressed to the advertisers. I reject its proffered excuse that it did not foresee that the Conde Nast witnesses would not supply all the desired information about (a) what sales pitch was received by the advertisers, and (b) whether the advertisers were disappointed with the website. Instead, I find that Activ8 simply did not make diligent efforts to comply with the January 26 deadline. At pages 49-50, Activ8 notes that it agreed that Conde Nast's deposition of Todd Headrick could be rescheduled to March 13, 2007. But this does not mean that fairness required Conde Nast to drop its objections to the belated January 22 subpoenas.

For the reasons stated above, I deny Activ8's request for an extension of the January 26, 2007 deadline for the completion of fact discovery. Fact discovery is sometimes useful to buttress an expert's opinion, or to support or oppose a motion for summary judgment. I rule that, because of Activ8's lack of diligence, its belated subpoenas are ineffective to compel the non-parties to supply any fact discovery. To the extent that Conde Nast asks me to impose any further sanctions (see pp. 38-40), I deny that request.

Exhs. 21 and 22 suggest that the parties may soon present me with a joint letter concerning allegations by Conde Nast that Activ8's document production was inadequate. Nevertheless, I find that we have sufficiently reached the close of fact discovery so that the parties must now comply with ¶12 of the Case Management Plan:

> 12. All counsel must meet for at least one (1) hour to discuss settlement not later than two (2) weeks following the close of fact discovery.

Pursuant to ¶¶13-15, the parties must now choose whether to have a settlement conference before me, or before the Court's Mediation Program, or before a privately-retained mediator. I direct the parties to advise me by fax, no later than May 15, 2007, as to which of those three options they choose. If the

settlement conference takes place before me, I will hold it before ruling on any further disputes.

                                            */s/ Douglas F. Eaton*
                                          DOUGLAS F. EATON
                                          United States Magistrate Judge
                                          500 Pearl Street, Room 1360
                                          New York, New York 10007
                                          Telephone: (212) 805-6175
                                          Fax: (212) 805-6181

Dated:    New York, New York
             May 1, 2007

Copies of this Memorandum and Order are being sent by electronic filing and also to:

Randy Lipsitz, Esq. at 212-715-8134 fax
Dale Lischer, Esq. at 404-815-3509 fax
Hon. Kenneth M. Karas