```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a THE CONDE NAST PUBLICATIONS,

                Plaintiff,

    - against -

ACTIV8NOW, LLC and ACTIV8MEDIA, LLC,

                Defendants,

    - against -

ADVANCE PUBLICATIONS, INC.
and RICHFX, INC.,

       Third-Party Defendants.
------------------------------------x

05 Civ. 7516(KMK)(DFE)

This is an ECF case

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

    I am responding to the joint letter from Mr. Lipsitz, Mr. Medlock, and Mr. Lischer, dated September 4, 2007 (31 pages, plus Plaintiff's Exhibits A through R and Defendants' Exhibits 1 through 13).

    Both Plaintiff and third-party defendant RichFX assert that Defendants have not fully complied with Paragraph 1 of the 3/30/06 Addendum to the Case Management Plan and Scheduling Order (Docket Item #47), which was agreed upon by the parties and so ordered by me. It said:

> Defendants ... shall serve their disclosure of asserted patent claims and infringement contentions by **April 11, 2006**, including an identification of all known products and services alleged to infringe ....

    It is undisputed that Defendants served infringement contentions for interactive websites related to five magazines: March 2005 Vogue, May 2005 Conde Nast Traveler, March 2006 Vogue, April 2006 House & Garden, and September 2006 Vogue. It is also undisputed that Defendants did not serve infringement contentions for interactive websites related to two other magazines: September 2005 Vogue, and December 2005 Vogue.

Defendants do not seek to amend or supplement their infringement contentions. At pages 17-18 of the joint letter, Defendants (two corporations collectively known as "Activ8") state (with my emphasis):

> .... There is not, nor has there ever been, a claim by Activ8 ... that the websites for the September and December 2005 issues of Vogue, as implemented, literally infringe the Activ8 patents. Instead, Activ8 has consistently maintained that the September 2005 and December 2005 issues of Vogue (and their corresponding interactive websites) were **offered** for sale by Conde Nast and RichFX as infringing products in violation of 35 U.S.C. §271(a). The **subject matter** of the offer of sale was Activ8's September 2004 Vogue website and RichFX's March 2005 Vogue website. .... Conde Nast and RichFX are only entitled to infringement contentions for the products **offered** for sale. The products **actually** sold (i.e. the September and December 2005 Vogue websites) are irrelevant to an **offer for sale** analysis, even though these websites are relevant to the measure of damages resulting from the infringing **offer[s] for sales** based on the subject matter of Activ8's September 2004 website and RichFX's March 2005 website.
>
> Activ8 provided infringement contentions for the March 2005 Vogue website ... on April 11, 2006. Moreover, the September 2004 Vogue website was Activ8's own product. [It] was within the scope of Activ8's patents in suit, and Conde Nast and RichFX have been given extensive information demonstrating this point. ....
>
> .... Activ8 has specifically identified each website accused of infringement, both for **direct** infringement and for **offer for sale** liability, ....

In the reply portion of the joint letter, at pages 22-30, Conde Nast essentially says that it had a different understanding of the meaning of Paragraph 1 at the time the parties submitted it to me for so ordering. Conde Nast and RichFX ask me to preclude Activ8 from pursuing any patent infringement claims relating to the September and December 2005 issues of Vogue magazine. (They note that this would not preclude trademark claims).

-2-

    I agree with Activ8 that this dispute should be decided by the trial judge. I view it as a motion in limine to exclude certain evidence; it can be presented as part of a joint pretrial order. No one has suggested that it will have any effect on Judge Karas's decision concerning claim construction. After he issues that decision, it is highly likely that this case will be reassigned to Judge Richard J. Sullivan.

                                       _____
                                       DOUGLAS F. EATON
                                       United States Magistrate Judge
                                       500 Pearl Street, Room 1360
                                       New York, New York 10007
                                       Telephone: (212) 805-6175
                                       Fax: (212) 805-6181

Dated:    New York, New York
             September 17, 2007

Copies of this Memorandum and Order are being sent by electronic filing and also to:

Randy Lipsitz, Esq. at 212-715-8134 fax
Dale Lischer, Esq. at 404-815-3509 fax
George D. Medlock, Jr. at 404-881-7777 fax
Hon. Kenneth M. Karas